STEADMAN *v.* JONES.

---

---

JOHN H. STEADMAN *v.* JERUSHA E. JONES.

The Code of Civil Procedure requires no surety on an appeal from a Justice's judgment.

On an application to a Justice of the Peace for a suspension of execution after a recovery by a landlord against his tenant; the Justice has a discretion as to the sufficiency of the surety, which a Judge will not review, in the absence of any suggestion that the Justice acted dishonestly or capriciously.

Before an application for a *recordari* can be entertained, petitioner must aver that he has paid, or offered to pay, the Justice's fees.

An order for a *recordari* should be accompanied with an order for a *supersedeas* and suspension of execution.

Although a tenant cannot dispute the title of his landlord, yet, in an action for the recovery of realty by an assignee in bankruptcy against the tenant of the bankrupt, he may dispute the assignment.

Application for a *recordari*, *supersedeas* and *injunction*, heard before *Watts J.*, at Spring Term, 1871, of CRAVEN Superior Court.

The facts necessary for a proper understanding of the case are stated in the opinion of the Court.

*J. H. Haughton*, for petitioner.
*Lehman, contra.*

RODMAN, J. This was an application to the Judge of the Third District for a *recordari, supersedeas* and *injunction.*

In his petition, the applicant states in substance:

1. That Jerusha Jones had brought an action against him in a Justice's Court, under the *Landlord and Tenant Act,* 1868,–'9, ch. 156, to recover possession of certain land held by him as her tenant; that upon the trial, the defendant, Steadman, offered to prove that the title to the property was in the assignee in bankruptcy of one Samuel T. Jones, who was the original landlord of the defendant; that the said Samuel T Jones had conveyed the land to one Foster, who had conveyed to the plaintiff, Jerusha Jones; and that after these conveyances, Samuel T. Jones was adjudicated a bankrupt, &c., and that said conveyance to Foster, was in fraud of the assignee in bankruptcy, in whom the title vested, and was therefore void; which evidence the Justice refused to receive, and therein the Justice erred in law.

2. That there was a verdict and judgment against him; from which judgment he prayed an appeal for the reasons stated, and offered one sufficient surety whom the Justice refused, requiring two sureties. But he does not allege that he paid the Justice his fees, or that he moved for a suspension of execution.

The application to the Judge was without notice to the opposite party. The Judge granted the order demanded; and upon the return of the order, Jones, the plaintiff in the original action, moved to dismiss the *recordari,* and to vacate the *supersedeas* and *injunction,* which motion the Judge granted, and thereupon Steadman appealed to this Court.

The statement of the defendant, Steadman, in his petition, was the only evidence of the proceedings before the Justice, which was before the Judge when he made the orders prayed for. This statement was not contradicted or altered by any statement by the plaintiff, and with the imperfect return made by the Sheriff of the proceedings before the Justice, it contin-

ued the only evidence before the Judge when he dismissed the *recordari*. That statement must therefore for the present purpose be taken as true.

1. By sec. 534, C. C. P., as also by the Landlord and Tenant Act, 1868–'9, ch. 156, sec. 25, any party can appeal from a Justice's judgment. No security for costs is required. By sec. 537 the Justice is required to file the papers, proceedings and judgment, with the Clerk of the Appellate Court, and may be compelled to do so by attachment, provided his fees for the service are paid him, and not otherwise. As there is no allegation that the Justice's fees were paid or tendered, we think his Honor was wrong in making an order for the Justice to return the papers, without requiring his fees to be first paid.

2. If we understand the motion of Steadman before the Justice to have been, not for an appeal, as he states it to have been, but for a suspension of execution pending the appeal, and that the Justice refused to grant that, because in his opinion the security offered was insufficient, we think, in that point of view, the Judge was wrong in granting an order for suspension of execution, (which we suppose is what is meant by an injunction); because as the matter stood there was no pending appeal, nor had an appeal been wrongfully refused or lost through accident, &c. We think, also, that the taking of the security upon the suspension of execution, is a matter within the discretion of the Justice. If indeed, the Justice should wantonly or fraudulently refuse the order of suspension when the security offered was manifestly sufficient, no doubt the Judge could compel him to make it, or could himself do it. But it is not alleged that the Justice in this case acted either wantonly or fraudulently. It is perfectly consistent with what is said, that he thought the single security offered was insufficient. He was not obliged to require two sureties but he might do it if he thought it necessary. We do not think that the action of the Justice in this respect, justified the Judge in issuing the injunction. The Judge had no power to review the discretion

of the Justice as to the sufficiency of the security, if honestly exercised.

3. It is said on behalf of Steadman, that the writ of *recordari* is not only a substitute for an appeal, but may also be used as a writ of false judgment to bring up the case for review on matters of law appearing on the record, and that a party is entitled to it for such a purpose, even though he never prayed an appeal. *Leatherwood* v. *Moody*, 3 Ire. 129, *Webb* v. *Durham*, 7 Ire. 130. This is conceded. But the Judge would not even in such a case, permit the writ to be used for the purpose of evading the payment of the fees of the Justice ; and would require an averment that they had been paid or tendered. Supposing however that to be done, it is conceded also, that in a case proper for ordering a *recordari*, the Judge should generally order also a *supersedeas* and suspension of execution until the hearing. These conceptions bring us to the point, whether such errors are alleged in the complaint as will justify a writ of *recordari* in the nature of a writ of false judgment.

It is conceded that a tenant cannot dispute the title of his landlord. It is also clear that where an action of ejectment is brought by one claiming to be an assignee of the landlord, the tenant may dispute the assignment.

In this case it was open to Steadman to deny that S. T. Jones (his landlord) had in fact conveyed to Foster, and that Foster had conveyed to the plaintiff (Jerusha Jones.) He does not however do this ; but seeks to avoid the conveyance to Foster, by alleging that it was in fraud of the Bankrupt act. By that act, conveyances in fraud of creditors, and also those made in contemplation of bankruptcy, are void, as against the assignee of the bankrupt. But we are of opinion that such a defence is not open to a tenant, at least until he has been notified by the assignee that he claims the property. We think that at all events until such notice, the tenant could not be held liable for rent to the assignee. No such notice or any acceptance of the property by the assignee is alleged. The assignment to Foster

was good against S. T. Jones; assuming it to have been void as to his creditors, or as to a subsequent purchaser from him, on the ground of fraud, 'yet that defence could be made to it only by a creditor or purchaser or by some one who like an assignee in bankruptcy represented the creditors. We think, therefore, that the Justice committed no error in excluding the evidence offered, as it raised a defence which was not open to the defendant.

It may be proper to remark here, that an order to return the papers or to record his proceedings, should be directed to the Justice, and not as was done in this case to the Sheriff. The thing commanded is to be done by the Justice. The Sheriff only serves the order on the Justice, whose duty it is to make a return thereto.

The return of the Sheriff should state merely the fact of service.

Upon the whole case, we are of opinion that the Judge was right in vacating the orders for a *recordari, injunction* and *supersedeas,* improvidently issued by him in the first instance.

The judgment below is affirmed, and the clerk will certify this opinion to the Superior Court of Craven, in order that the Judge thereof may direct a *procedendo* to the Justice of the Peace before whom the action was tried.

PER CURIAM.                    Judgment affirmed.