S. MARSH & CO. *v.* R. M. COHEN.

A *recordari* is a substitute for an appeal, where the party has lost his right to appeal, otherwise than by his own default.

Where in an application for a *recordari*, it appeared that A was informed by a Justice of the Peace, that B had obtained before him (the J. P.,) a judgment against him, and A at the time notified the J. P. of his intention to appeal, and in order to stay proceedings pending the appeal, filed in the office of the Clerk of the Superior Court an undertaking, before one whom he supposed to be a deputy of the Clerk, who approved the same and issued a *supersedeas,* and where it further appeared that the judgment was not given against A at the time he was informed by the J. P. it was so given, but not until after he had filed the undertaking: *Held,* That although the Clerk, when informed of the act of his deputy, notified the Justice and the defendant that he did not approve the undertaking, and revoked the *supersedeas,* and though it further appeared, that ten days' notice of the appeal had not been given, as required by section 536, of the Code of Civil Procedure, A was not in default, and that his Honor below committed no error in granting the *recordari.*

An omission to give the notice of appeal required by sec. 535 of the Code of Civil Procedure, strictly within the ten days therein provided for, is not so serious a default, as will preclude a party from the right to have his case reheard.

The power to revise and control the action of a Clerk of the Superior Court in passing upon the sufficiency or insufficiency of bonds to be taken by him, necessarily exists with the Judge, whose minister and agent he is; and the proper mode of bringing the question before the Judge, is by an appeal from the ruling of the Clerk.

(*Steadman* v. *Jones,* 65 N. C. Rep. 388; *Shepherd* v. *Lane,* 2 Dev. 148; cited and approved.)

APPEAL from an order granting a *recordari* and *super-sedeas*, made by *Clarke, J.*, at the Fall Term, 1872, of WAYNE Superior Court.

On the 3d of December, 1872, (the transcript, in several places, says 3d of November—but that is clearly a mistake,) the defendant applied to the Judge of the third Judicial District for a *recordari* and *supersedeas*, upon an affidavit in which he stated the following facts, to-wit :·

About the 20th of November, one Robinson, a Justice of the Peace of Wayne county, informed him, that he, the Justice, had given a judgment against him, the defendant, in favor of the plaintiffs for about $96. The defendant then informed the Justice that he would appeal; and in order to stay execution pending his appeal, he filed with the deputy clerk of the Superior Court of Wayne, an undertaking according to law, which the deputy approved, and upon which he issued a *supersedeas* of execution. That afterwards, on the 3d of December, at Beaufort, in Carteret county, he learned that the judgment had not in fact been given until the 23d of November, which was after the day on which he had given his undertaking to the clerk. (The undertaking is dated 16th November). The Judge thereupon ordered the Clerk of Wayne Superior Court to issue a *recordari* and *supersedeas*, upon the defendants giving a bond with sufficient surety in $126, with the usual conditions.

It breaks in on the narrative of events, but it will be as well to state here as elsewhere, that there are affidavits sent up with the record, which must have been presented to the Judge at some stage of the proceedings, but it does not appear at what. In these it is stated that the undertaking to stay execution, had not been accepted and approved by a deputy clerk, but by a clerk only of the clerk, who, however, did sometime act as deputy; that the clerk, as soon as he was informed of the act of his clerk, notified the Justice and the defendant, that he had not approved the un-

dertaking, and revoked the *supersedeas.* It also appeared that the judgment in favor of the plaintiff, was not in fact given until the 23d of November, and that the defendant had not notified the plaintiff of his appeal.

After the order of the Judge, to-wit: on the 5th of December, the defendant tendered to the clerk of the Superior Court, and undertaking proper in form, with a surety who swore that he owned a stock of goods worth about $5,000, and that he owed $2,100 or thereabouts. The clerk disapproved the surety, and assigns the reason, that his property was transferrable, and that he had reason to believe that it would be transfered, should the plaintiff recover.

On the 7th of December the defendant presented his affidavit to the Judge, in which he stated the disapproval of the surety by the clerk, and that it was through malice and prejudice. He also notified the plaintiff that he had appealed from the ruling of the clerk. On the 9th of December, the Judge found as a fact, that the undertaking was good and sufficient, and that the refusal of the clerk to approve it, was wanton, and ordered the clerk to file the undertaking and issue the writs prayed for. From this order the plaintiff appealed to this Court.

*Smith & Strong,* for the appellant.
*R. M. Cohen,* for himself.

RODMAN, J. After stating the foregoing facts of the case proceeds:

The exceptions of the plaintiff raise in substance these two questions only.

1. Was the Judge justified by the circumstances presented to him, in ordering a *recordari* and *supersedeas* on the 3d of December?

2. Did he have the power to approve the undertaking of the 6th December, after it had been disapproved by the

Clerk, and to make an absolute order upon that officer to is-
.sue writs of *recordari* and *supersedeas?*

1. A *recordari* is a familiar substitute for an appeal, when
.a party has lost his right to an appeal otherwise than
through his own fault. There can be no doubt of the
power of the Judge to grant it in a proper case. So that
the only question is, was this a proper case? We think it
was. The defendant was informed by a Justice of the Peace
that a judgment had had been given against him, and he
thereupon notified the Justice that he appealed, and filed
with one whom he had reason to think a deputy of the
Clerk, a sufficient undertaking, which the supposed deputy
.approved.

The Code of Civil Procedure, sec 534, says an appeal must
be taken within ten days after the judgment. On the tenth
day after the judgment was in fact rendered, the defendant
being at a distance from the county of Wayne, learned that
the judgment had not in fact been given at the time when
he gave his undertaking, so that the undertaking was pre-
mature and insufficient. He had been deceived by the
Justice. We cannot see that he was in any default. The
plaintiff, however, says that the defendant had not given
him any notice of appeal as required by the Code of Civil
Procedure, sec. 536, and therein was in default. That is
true; but we do not think that an admission to give this
notice strictly within the time, is so serious a default that
thereby the party should absolutely forfeit his right to a
re-hearing of the case. If an appeal, of which notice had
been given to the opposite party. should be docketed in the
Superior Court, while the Judge would certainly refuse to
try the case until reasonable notice was given, and might
dismiss the appeal, he might also in his " discretion " retain
the case, and allow a reasonable time in which to give no-
tice.

2. In *Steadman* v. *Jones*, 65 N. C. Rep. 388, the action was

brought under the Landlord and Tenant act (1868–'9, chap. 156), which requires the bond to stay executions to be given to and approved by the Justice. In that case the Court say, that if the Justice wantonly and fraudulently refused to approve a security manifestly sufficient, the Judge could compel him to order a stay of execution, or could order it himself. As the applicant in that case was held not entitled to a stay of execution upon the merits; that is to say, as it did not appear that the Justice had acted wantonly, it was not necessary to inquire or suggest, in what way the Judge would use his power of supervision. The mode in which it was desired in that case, was by an order for a *recordari* and *supersedeas*, upon which the Judge, according to the usual practice, makes his order for the writs conditional upon the applicant's giving a bond with surety to be approved by the Clerk. As to what might be done if the Clerk should follow the ill example of the Justice, nothing was then said, and of that we will speak hereafter. In that case there was no difficulty about the appeal. The Justice had not refused to send up a record of his proceedings; he only refused the bond tendered to obtain a stay of execution. There being no necessity for a *recordari*, we see no reason why the Judge could not have ordered the only writ which was needed for the party's relief, viz.: the *supersedeas* as upon an *audita querela*. The use of a *supersedeas* issued by the Clerk upon an *audita querela*, or writ of error, is old and familiar. It issued as of course from the revisory Court, to stay execution pending the appeal. So the mode in which the Judge would correct a wanton refusal by a Justice to approve a security plainly sufficient, would be by an order for a *recordari* and *supersedeas*, or for a *supersedeas* alone, according to the situation of the case and the relief needed. In the case before us, inasmuch as the defendant had lost his right to an appeal, and an execution had been, or might be issued against him, both a *recordari* and *supersedeas* were necessary,

in order to give him his rightful relief. The Judge pursued the usual, most convenient, and generally the best practice, of making his order for these writs conditional, and referring it to the Clerk to pass on the sufficiency of the security. The Judge might probably have taken the security in the first instance ; but however this may be, he did not, by referring it to the Clerk, waive any right to supervise the action of the Clerk, and to correct any abuse of his discretion.

There is a close analogy between bonds given for the prosecution of an action, and bonds given on issuing a *recordari* or *supersedeas*. As to the former class, the action of the Clerk in taking them, was always held to be ministerial. By Rev. Code, chap. 31, sec. 40, they might be taken by a deputy clerk, and we know that they were and still are habitually taken by attorneys, who have authority from the clerks for that purpose, but are not their deputies. *Shepperd* v. *Lane*, 2 Dev. 148 ; *Croom* v. *Morrisey*, 65 N. C. Rep. 591. It is well known, also, that the sufficiency of the surety to these was habitually considered within the supervisory power of the Court. Rules for additional security were common, and the power was undisputed. But whether the passing on the sufficiency of a surety be a ministerial or a judicial act, it is alike subject to the control of the Court, to the Judge of which an appeal lies from every official act of the Clerk.

It cannot be maintained that an abuse of discretion, by any officer authorized to pass on the sufficiency of a surety, is without remedy anywhere. If such were the law, such an officer, through ignorance or caprice, might effectually obstruct the rightful access of suitors to the Superior Courts. The power to revise and control the action of the Clerk in such a case must necessarily exist with the Judge, whose minister and agent he is ; and the proper mode for bringing the question before the Judge, is that adopted in this

case, viz.: by an appeal from the ruling of the Clerk to the Judge.

We have neither the right nor the disposition to revise the finding of the Judge upon the sufficiency of the surety to the undertaking; but we may say that the reason rendered by the Clerk for his disapproval of him was clearly an insufficient one, and his refusal, however honest, was therefore, in a legal sense, wanton. A stock of goods may be more readily transferrable than real estate; but all property may be transferred, and the law does not require that the surety to an undertaking shall be a landholder. It only requires that he be worth a certain sum above his debts and exemptions. The Legislature may hereafter require that he shall be a bondholder or housekeeper; but in the meanwhile no officer can anticipate such action, and practically insert in the law a provision which it does not contain.

Judgment affirmed. Case remanded. Let this opinion be certified.

PER CURIAM.                                      Judgment affirmed.