L. SAULSBURY *v.* R. M. COHEN.

To stay proceedings, pending the review of a decision of the Clerk in regard to to the sufficiency or insufficiency of an undertaking for an appeal, a *supersedeas* is the proper mode, and not an injunction.

APPEAL from an order of the Clerk of the Superior Court of WAYNE county, heard by *Clarke, J.*, at the Fall Term, 1872, of said Court.

The facts in this case are identically the same as those in the foregoing case of *Marsh* v. *Cohen*, with the exceptions stated in the opinion of the Court.

From the order of his Honor in the Court below, over-ruling his exceptions, the plaintiff appealed.

*Smith & Strong*, for appellant.
*R. M. Cohen*, for himself.

RODMAN, J. Two cases are embraced in the record, as if they were but one. They are like that of *Marsh* v. *Cohen*, except in the dates, and in this; in these cases, the Justice of the Peace returned to the Clerk the transcript of the proceedings before him, but the clerk refused to approve an undertaking to stay execution under the same circumstances, and for the same reasons stated in *Marsh* v. *Cohen*. It was a case then in which there was no occasion for a *recordari* to bring up the proceeding, but only for a *supersedeas*. The Judge after giving the plaintiffs an opportunity to be heard, ordered the Clerk to issue what is called, and what in form is an injunction. It was not a case for an injunction, it does not come within any of those provided for in C. C. P., or within any other in which that order is recognized as proper. Considering the Judge's order as for an injunction technically, it is open to some of the plaintiff's exceptions. But its whole operation and effect is that of a *supersedeas*, and we think we may properly consider it as such. We have said in *Marsh* v. *Cohen*, that, that was a proper order. In his order, however, the issuing of it is made conditional upon defendant's giving an undertaking to secure damages not to exceed $50. Clearly this was an oversight on the part of the Judge.

The undertaking was the only security which the plaintiff had in substitution for the lien, which he had or might have had by his judgment and execution, and it ought to have been at least equal in amount to the judgment and probable interest and costs. The order of the Judge will

be modified so as to conform to this opinion. And the case is remanded for further proceedings.

Let this opinion be certified.

Neither party will recover costs in this Court.

PER CURIAM.                    Judgment accordingly.