JOHN HUGHES and another v. LUKE MASON.

*Summary Proceeding in Ejectment—Jurisdiction of Justice excluded where contract is one of Purchase.*

1. Summary proceedings in ejectment before a justice of the peace under the landlord and tenant act can only be had where the simple relation of lessor and lessee exists, and there is a holding over after the term.

2. And the jurisdiction of the justice is excluded where the relation is that of mortgagor and mortgagee or vendor and vendee.

3. In such proceeding it appeared that plaintiff and defendant signed articles of agreement stipulating that plaintiff agreed to sell a town lot to defendant for a certain sum; defendant executed a mortgage on other lands to secure the price with power of sale on default, and if proceeds were not sufficient, then plaintiff to take possession of town lot and retain whatever payments were made, as rent for the same, in which event the relation of landlord and tenant should exist and possession be secured as in case of tenant's holding over; mortgaged prem-

ises were sold, but proceeds not sufficient to discharge debt, and no other payments made ; *Held* to be a contract of purchase.

4. *Held further;* That plaintiff's subsequent demand for possession and agreeing to let defendant hold for three months on certain terms, the defendant to become his tenant and the payment as rent to be applied to debt for town lot, did not operate to destroy the relation of vendor and vendee, although defendant failed to perform the stipulations.

5. *Held further;* The justice's jurisdiction being excluded, it could not be conferred by consent of parties as provided in the articles of agreement.

(*Credle* v. *Gibbs*, 65 N. C., 192 ; *McCombs* v. *Wallace*, 66 N. C , 481 ; *Forsythe* v. *Bullock*, 74 N. C., 135; *Heyer* v. *Beatty*, 76 N. C., 28 ; *Abbott* v. *Cromartie*, 72 N. C., 292 ; *Calloway* v. *Hamby*, 65 N. C., 631 ; *Turner* v. *Lowe*, 66 N. C., 413 ; *Greer* v. *Wilbar*, 72 N. C., 592, cited and approved.)

SUMMARY PROCEEDING in ejectment commenced before a justice of the peace under the landlord and tenant act, and heard on appeal at Fall Term, 1880, of CRAVEN Superior Court, before *Graves, J.*

The defendant moved to dismiss the action for want of jurisdiction in the justice of the peace, and the judge found the following facts: The plaintiffs showed a written agreement between the parties, which agreement was substantially "that plaintiffs had agreed to sell to defendant a lot. in the city of Newbern, for which the defendant agreed to pay $1,500, in five annual instalments, with interest, and that defendant was to put the wharf and warehouse in good condition, and give a mortgage on another lot owned by defendant as collateral security for the payment of the instalments, and on failure to pay the same, a power was given to plaintiffs to sell the mortgaged premises, and if the proceeds should not be sufficient to pay the said price, the plaintiffs should take immediate possession of the wharf and warehouse property, and the payments made should be retained as rent for the same, and in that event, the relation of landlord and tenant declared to exist, and possession be secured as in case of a tenant's holding over after his term when no-

tice has been duly served, but no such notice shall be required in this case." (Signed by the parties).

The mortgaged land was sold and the proceeds, seventeen dollars, applied to plaintiffs' debt for the price of the lot described in the agreement, and no other payment was made on the same. In January, 1879, the plaintiffs demanded possession of said lot, but agreed to allow the defendant to remain in possession until the first of April following, if he would pay seventy-five dollars as rent; and defendant verbally agreed to become the tenant of plaintiffs, and also, that if he paid the said sum on or before the said first of April, the amount should go as a payment on said lot.

Upon this finding, the court dismissed the case for want of jurisdiction in the justice of the peace, and the plaintiffs appealed.

*Mr. W. W. Clark*, for plaintiffs.
No counsel for defendant.

DILLARD, J. Upon the facts found by His Honor, and contained in articles of agreement referred to, and made an exhibit in the judge's statement of the case of appeal, we concur in the opinion of the court below, that the action was not cognizable by a justice of the peace under the landlord and tenant act, and in our opinion, there was no error in dismissing the same.

The landlord and tenant act in Battle's Revisal, ch. 64, § 19, by its terms, and the construction put upon it by the court, gives the remedy of summary ejectment before a justice of the peace, only in the case when the simple relation of lessor and lessee has existed, and there is a holding over after the term has expired, either by afflux of time, or by reason of some act done or omitted contrary to the stipulations of the lease. *Credle* v. *Gibbs*, 65 N. C., 192; *McComhs* v. *Wallace*, 66 N. C., 481; *Forsythe* v. *Bullock*, 74 N. C., 135.

And it is equally were settled, that the jurisdiction does not extend to the relation of mortgagor and mortgagee and vendor and vendee, in which, although the mortgagor and vendee may technically be tenants at law, they are viewed in equity as the owners of the estate and are allowed in order to avoid the circuity of letting judgment go and then going into equity to enjoin the execution, to set up in one action under our present system their equitable title in defence to any action which may be brought to recover the possession. *Heyer* v. *Beatty*, 76 N. C., 28; *Abbott* v. *Cromartie*, 72 N. C., 292; *Calloway* v. *Hamby*, 65 N. C., 631; *Turner* v. *Lowe*, 66 N. C., 413; *Forsythe* v. *Bullock, supra*.

In view of the jurisdiction of a justice of the peace as thus defined, the case of the plaintiffs falls not within the first class above-mentioned, but in our opinion plainly within the second one. The contract between the parties is not in its terms or legal import a lease with a certain definite duration, nor is it a tenancy at will determinable at the will of the parties, and therefore there could not be said to be a holding over after the expiration of a term, nor a forfeiture for any act done or omitted contrary to the stipulations of a lease. But the articles of agreement executed by the parties and made a part of the judge's statement for this court, make the contract one for the sale of the land sought to be recovered, at the price of $1,500, payable in equal annual instalments of $300, and without controversy, the entry of the defendant as purchaser, under the authorities cited, clothed him with the right to have specific performance involving incidentally a reference as to the title, and also an account of the amount due, all of which a justice of the peace is incompetent to deal with; and, therefore, his jurisdiction is excluded, unless there be something in the other provisions of the contract or since occurring, which takes the case out of the rule in relation to purchasers, and brings it within the landlord and tenant act.

The plaintiffs however urge that the defendant, although he may have entered as purchaser, might surrender the contract of sale and all his rights under it, and thereafter enter into a contract of lease so as to be liable to be evicted in a summary proceeding in a justice's court: and they insist, that such surrender and waiver of rights were made by defendant in this case either by virtue of the stipulations of the written contract, or the agreement of the defendant to pay rent since the alleged default.

The provisions in the contract, relied on to put an end to the original relation of vendor and vendee, and to establish that of lessor and lessee, were, that defendant forthwith after his entry into the possession should repair the warehouse and wharf on the premises, and should there be default in not paying the first instalment of $300, and the interest on the whole purchase money, making together the sum of $390, then the plaintiffs were to be at liberty to sell the lot conveyed by mortgage for its security, and in the event that the proceeds of the sale added to the voluntary payments of the defendant fell short of the sum then due, the plaintiffs were to be entitled to re-enter and retain the amount received, as rent; and thereupon, the relation of lessor and lessee was to take place with a right in plaintiffs to resort to the summary action of ejectment, if necessary. Upon these stipulations the plaintiffs claim that the defendant's failure to make the final payment created the relation of lessor and lessee, and gave them the benefit of the summary remedy to eject the defendant, or if not, they have it by virtue of defendant's promise, on demand of possession to pay them $75 for a three months use and occupation.

In our opinion, the special stipulations relied on do not, singly or all together, relieve the case of the difficulties attending the original relation of vendor and vendee, but on the contrary serve to make it more complicated, and demonstrate the wisdom of the decisions which confine the juris-

diction to the simple relation of a lessee holding over after the expiration of his term.

The right of re-entry contended for by plaintiffs, might as well be, according to the terms of the contract, on failure to pay the first instalment of $390 by a few dollars, as in the case of default in a large part thereof; and supposing the repairs made and all of the instalments paid by the defendant except a trifling sum, then plainly if plaintiffs have back the land, they will have it enhanced in value by the repairs, and also have in hand money returned as rent, largely more than one-fourth of the contract price for the fee-simple title. Upon such a supposition it cannot be questioned, we think, that on a bill for specific performance a claim of that kind now set up by plaintiffs would be viewed as in the nature of a penalty or forfeiture, and the court would proceed to decree performance, adjusting the payment retained as rent as a credit to defendant on a reference to ascertain the balance due of the purchase money.

But it is alleged and so stated to be the fact in the judge's statement, that plaintiffs derived only seventeen dollars from the sale of the mortgaged lot and received no other payment on the land, and the smallness of the amount is urged as repelling the features of penalty and forfeiture, last above commented on, as grounds of equitable relief. This, in our view, is but an additional complication. On a suit for specific performance the sale under the mortgage, yielding so small a sum, might itself be made the subject of consideration with a view to a resale or a larger credit, on proper allegations to that end if the facts should so justify.

Thus it would seem, whether the default was in a non-payment of a large or a small part of the first instalment, that defendant would be entitled to sue for a title, and on performance on his part, under the orders of the court, might obtain a decree for a conveyance by plaintiffs, and therefore, in a legal sense, the title was in controversy, and

being so the jurisdiction of the justice of the peace was excluded.

As to the provision in the articles of agreement, that on entry by the plaintiffs the relation of defendant should be that of lessee, holding over after the expiration of a term, and that plaintiffs should have liberty to use the summary proceeding before a justice of the peace to eject defendant, it is enough to say, that if the jurisdiction was excluded by the fact of the title being in controversy as above determined, then no consent of parties could confer it. And as to the subsequent agreement of defendant to pay rent for three months, that was a promise made on the occasion of the demand of possession by plaintiffs, and when considered in connection with an apparently good right of action for specific performance, it will be taken as prompted by the necessity he was under to continue his possession, and not evincing a surrender of his rights under the contract as a purchaser. *Greer* v. *Wilbar*, 72 N. C., 592.

So we must declare our opinion to be, that the original rights of defendant acquired as a purchaser have never been surrendered or waived and the new relation of lessee established in such manner as to bring the case within the landlord and tenant act, and therefore we must hold that there is no error in the judgment of the court below dismissing the action. Let this be certified.

No error.                                     Affirmed.