. A. & M. HAHN v. GUILFORD & LATHAM.

*Appeal—Landlord and Tenant—Equitable Title—Estoppel.*

1. An appeal must be taken to the *next* term of the appellate court ; and
it is therefore error to proceed in a case on appeal from a justice's
court taken after that time, in the absence of notice to the appellee
that he may show cause against it.

2. In a proceeding under the landlord and tenant act, the question of
jurisdiction is not to be determined by matter set up in the answer,
but the court should hear the evidence as to the issue of *tenancy*, and
if the same be found for the landlord, an estoppel operates upon the
tenant, and the title to the land is not drawn in controversy.

3. The equitable title which serves to defeat the estoppel, is only that
which arises out of some peculiar relation between the parties, as
would make it inequitable on the part of the landlord to oust the
tenant.

(*Brown* v. *Williams*, 84 N. C., 116 ; *Foster* v. *Penry*, 77 N. C., 160; *Par-
ker* v. *Allen*, 84 N. C., 466 ; *Turner* v. *Lowe*, 66 N. C.. 413, cited and
approved.)

SUMMARY PROCEEDING in ejectment heard at Spring
Term, 1881, of BEAUFORT Superior Court, before *McKoy, J.*

*Mr. W. B. Rodman,* for plaintiffs.
*Mr. George H. Brown,* for defendants.

RUFFIN, J. In our opinion two errors were committed
in the trial of this cause in the court below, for either one of
which the plaintiff is entitled to have the judgment reversed.

1. The proceeding was a summary one, before a justice
of the peace, under the " Landlord and Tenant Act " to re-
cover the possession of the premises claimed by the plaintiff.

The trial before the justice took place on the 19th day
of February, 1881, resulting in a judgment for the plaintiff
from which the defendant gave notice of appeal, but failing
to give the bond for the suspension of the execution, the

justice failed to send up the transcript of appeal, and the cause was not docketed in the superior court at either spring or fall term, 1881. On the 18th day of March, 1882, the justice forwarded the transcript, and at spring term of that year the cause first appeared upon the docket of the superior court, without however the plaintiff's knowledge. On the first call of the docket at that term, the cause was marked " continued," but afterwards that entry was stricken out, and it was set for trial on a day certain in the second week in the term, at which time it was taken up, in the absence of the plaintiff and without notice to him, and judgment was rendered dismissing the action.

An appeal, as has been said, means an appeal to the *next term* of the appellate court. Instead, therefore, of allowing two terms of the superior court to pass, without moving in the matter, it was the duty of the defendant upon discovering the failure of the justice to transmit his appeal, to have moved promptly at the first term, for a writ of *recordari* directing him to do so.

In *Brown* v. *Williams*, 84 N. C., 116, this court declined to allow a writ of *certiorari* to issue, upon the ground that it had not been asked for at the term next after the rendition of the judgment complained of, notwithstanding the party seeking it seemed to have merits in his appeal, and had otherwise been diligent.

It may well therefore be questioned whether the defendant has not by his laches forfeited his appeal altogether, and the right to have the cause constituted one in court. But whether so or not, it is certain the plaintiff was entitled to have that question passed upon, and have notice given him before the cause was docketed, in order that he might, if so advised, have opposed its being done.

The question is not as to the continuance of the cause, nor as to whether His Honor erred in proceeding with the trial in the absence of the plaintiff, for as to these matters

his decision would have been final. But the error consists in proceeding to judgment in a cause, thus apparently out of court, without giving to the plaintiff a day to show cause against it.

2. In his complaint the plaintiff alleged that the defendants entered upon the land as his tenants, but that their term had expired, as well by the non-payment of the agreed rent as by lapse of time. In his return, the justice says the answer had been lost, but he certifies that in it, besides denying the tenancy and the allegation that rent was due from them, the defendants " set up an equitable title to the land in themselves "—omitting, however, to give the particulars of their alleged equity. In the superior court, His Honor, looking only to the pleadings and the return of the justice, and without hearing any evidence upon the issue as to the tenancy, or as to the nature of the *equitable title* claimed by the defendants, held, that the title to the land was involved in the action, and thereupon dismissed it, as not being within the jurisdiction of the justice.

In *Foster* v. *Penry*, 77 N. C., 160, upon the idea that it would be unreasonable to allow a defendant *merely by his answer* to determine the jurisdiction of the court, and that it must be the necessary function of every court to pass in the first instance upon its own jurisdiction, whether dependent upon a matter of fact or otherwise, it was held that where in a proceeding under the landlord and tenant act the defendant in his answer denies the tenancy, it is the duty of the justice, not to dismiss the action, *but to try the issue of tenancy;* for if that should be found for the plaintiff, then because of the estoppel operating upon the defendant, it was impossible that the title to the land could be drawn in controversy. And in case of an appeal, it is the duty of the judge in the superior court to try the case and render the judgment just as the justice should have done;

and the decision in *Parker* v. *Allen*, 84 N. C., 466, is to the same effect.

Again, in *Turner* v. *Lowe*, 66 N. C., 413, and in *Parker* v. *Allen, supra,* it is said that notwithstanding the rule that a tenant cannot dispute his landlord's title, it is open now, as it always has been, to the defendant to set up, by way of defence, an equitable title in himself, which grew out of relations subsisting between the plaintiff and himself, such as should make it inequitable in the plaintiff to use the legal estate to oust him of the possession—and as illustrations, the relations subsisting between vendor and vendee, and mortgagor and mortgagee are cited.

It is not, therefore, *every equitable title* that will serve to defeat the estoppel, but only such as arise out of relations of the character indicated, that is to say, such as a court of equity, under our former system, would protect even after judgment in a court of law. If a perfect legal title purchased from a stranger could not prevail over the estoppel, surely it cannot be supposed that an equitable title so acquired could do so.

Before dismissing the action, therefore, because of the " equitable title " set up by the defendants, His Honor should have heard the evidence as to the issue of tenancy, which if found for the defendants of course put an end to the action ; but if for the plaintiff, then, he should have enquired into the nature of the alleged equitable estate and the circumstances under which it originated. If of the character indicated, and he should ascertain that there was a *bona fide* controversy between the parties with regard to it, then he should have dismissed the action; but if otherwise, he should have proceeded with the trial as to any other issues that might be involved, since in that state of the case the estoppel would operate and prevent the title's being called into question.

In short, after the expiration of the term, either by a

breach of covenant or lapse of time, the landlord, if in fact he be such, is entitled to the possession of the leased premises, unless by his dealings with his tenant he established such relations between them, as renders it contrary to equity and good conscience that he should deprive him of the possession—and this, it being a preliminary matter, the court, whether it be the justice or the judge, must determine, without the intervention of a jury.

In both the particulars specified His Honor erred and the plaintiff is entitled to a new trial.

Error.                                    *Venire de novo.*