JOSEPH PRITCHARD and wife v. T. L. SANDERSON and others.

## *Recordari—Amendment.*

1. *Recordari* will not be issued unless party applying shows (1) excuse for laches and (2) meritorious grounds.
2. Amendment of petition, &c., is matter of discretion and not subject to review.

(*Betts* v. *Franklin*, 4 D. & B., 465 ; *Kelsey & Brigham* v. *Jarvis*, 8 Ired., 451 ; *Lunceford* v. *McPherson*, 3 Jones, 174 ; *McConnell* v. *Caldwell*, 6 Jones, 469, cited and approved).

MOTION for *recordari*, heard at Fall Term, 1884, of the Superior Court of PASQUOTANK COUNTY, by *Graves, J.*

The facts are stated in the opinion of the court.

From the judgment of the court refusing the motion, the defendants appealed.

*Mr. E. C. Smith*, for plaintiff.
*Messrs. Grandy & Aydlett*, for defendant.

SMITH, C. J. The plaintiff in an action before a justice of the peace upon a money demand, on February 1st, 1884, recovered judgment against T. L. Sanderson and wife Fanny, executrix of George W. Charles, and Susan Perry, executrix of Kader Perry, from which the two first named defendants alone appealed. The defendant Susan, not uniting in the appeal, applied by petition to the judge of the Superior Court, and obtained an order for the issue of a writ of *recordari* in order to a reviewal of the judgment, under which the proceedings had before the justice were certified to the Superior Court, and an answer thereto put in by the plaintiff.

At the hearing the court dismissed the petition for the assigned reason that it does not allege that the defendant Perry has a good, meritorious defence to the action.

The defendant then moved for leave to amend her petition and set up a meritorious defence, which the court refused to allow.

The petitioner then asked that the case be docketed for trial, as the joint appeal of all the defendants, insisting that such is the proper rendering of the record; and, this being denied, she proposed to use the petition as an application for a writ of false judgment, supplementing it with an affidavit that the plaintiff's complaint states no cause of action. This also was disallowed.

From the judgment of dismissal the petitioner appeals, and the record brings up for consideration the exceptions to the several rulings of the court mentioned.

The petition in substance sets out in support of the application for the removal of the cause, as to her, to the superior appellate jurisdiction, that her son who, as her agent, was present at the trial before the justice, was misled into the belief that the appeal was for all the defendants, their defence being common, by the remark of the attorney who represented the others, that there was no need of her employment of counsel, in consequence of which none was retained and her appeal lost.

There is no allegation of a meritorious or other defence to the action, nor any statement of the subject-matter in controversy from which it can be inferred. We think it clear upon the authority of adjudged cases and on principle, that such an averment is indispensable to warrant the interference of the court with the judgment rendered. The rule governing applications for relief by means of the writ of *certiorari*, or when the analogous remedy by the writ of *recordari* is sought, has been clearly and distinctly laid down in numerous cases by this court.

In *Betts* v. *Franklin*, 4 Dev. & B., 465, RUFFIN, C. J., in reference to the practice of setting aside a judgment by default rendered in an inferior court and allowing a defendant to plead, by the process of *certiorari*, says: "But that can never be done unless the party shows two things: first, an excuse for the laches in not pleading: and, secondly, *a good defence.*"

The practice has been similarly declared and in words almost indentical by BATTLE, J., in *Kelsey & Brigham* v. *Jarvis*, 8 Ire.,

451; in *Lunceford* v. *McPherson*, 3 Jones, 174, and in *McCon-nell* v. *Caldwell*, 6 Jones, 469.

II. The refusal to allow an amendment to the petition by inserting an allegation of merits is a matter of discretion, as we have so often said, and is not subject to review.

III. The suggestion that the record shows that the appeal was taken by both parties is without support.

(1). The record made up and returned by the justice contains these words following the judgment: "From which the defendant Sanderson and wife appealed; costs of appeal 30 cents, paid. The defendant Susan Perry did' not appeal; nor did she make any answer or defence."

(2). The undertaking on appeal is signed by the other defendants with surety and not by the petitioner.

(3). The petitioner states that no counsel was employed in her behalf at the trial and that she trusted to the counsel of her associate defendants.

IV. The remaining exception requires no further answer than that it is also untenable.

The court does not find the facts, nor was it necessary to do so.

The ruling is that, assuming to be true every fact stated in the petition, it is fatally defective for the omission already pointed out, and that an averment of some meritorious defence is an indispensable prerequisite to the granting the relief asked.

No error.                                        Affirmed.