On May the 8th, 1900, the defendant appealed from an order made by the Board of Commissioners of Iredell County, granting certain changes in the public road over the lands of the defendant. The appeal bond was given on the 15th inst., and filed with the Clerk of the Board by the defendant's attorneys, with a request that the appeal and bond should be sent up by him at the next term of the Superior Court of Iredell, which would commence on the 21st of the same month and year. No further attention was paid to the appeal by the defendant's until two *Page 273 
terms of the Superior Court had elapsed, when it was discovered that the appeal had not been docketed. It was then docketed, and a motion by the plaintiff to dismiss because it had not been docketed at the May Term — the term next ensuing after the appeal was taken — was refused. It was admitted by the counsel of the defendant that the plaintiff's motion should have been allowed if the same rule as to the docketing of appeals from orders of Boards of County Commissioners was applicable to appeals taken from the judgments of Justices of the Peace. But the contention was set up that the Judge of the Superior Court in term had the discretion, or rather the right, to make a rule as to when appeals from orders of the Board of County Commissioners to the Superior Court should be docketed in that Court. It was argued for that contention that section 2039 of The Code, which provided for appeals from the Boards of County Commissioners to the Superior Courts, was silent as to what term in point of time of the Superior Courts the appeal should be taken, and therefore that the Judges of the Superior Courts might regulate that subject by rules of their own. We do not take that view of the matter. The question of the jurisdiction of the Superior Court is not called in question. If the appeal was properly taken and docketed, then that Court had jurisdiction of the suit; if the appeal was not properly docketed, then the Superior Court could not proceed. Under the provisions of section 2039 of The Code, in proceedings like the present one, any person is allowed to appeal to the Superior Court at term time. The legal construction of those words, "at the term time," as bearing upon the proper time of docketing the appeal, is a matter for the Courts, and in no sense involves the jurisdiction of the Superior Court in the proper sense of that term. And we think that the words "term time" in the statute means the next term *Page 274 
of the appellate Court. Boing v. Railroad, 88 N.C. 62; Hahn v. Latham,87 N.C. 172.
We therefore think that upon the facts of this case, there is shown a clear case of neglect, and the appeal ought to have been dismissed in the Court below upon the motion of the plaintiff. It is true that his Honor found as facts that at the May and August Terms of the Superior Court there were agreements on the part of the plaintiff's and defendant's counsel that the case should be continued, but his Honor states further that both sides believed the not docketing the appeal was in nowise caused by any agreement or conduct of the plaintiff, but was simply his own laches. The agreement to continue on the part of the plaintiff was made under the belief that the defendant had docketed his appeal under the rules of law. There was no agreement that the laches of the defendant should be overlooked or waived by the plaintiff.
We find among the papers a motion by the defendant's counsel to dismiss the plaintiff's appeal on account of certain defects in the petition, and alleged to amount to a failure to state a cause of action. The motion can not be entertained here, for the reason that the appeal for the defendant from the Board of Commissioners was not docketed in time, and should have been dismissed in the Court below.
Reversed. *Page 275