## E. J. ISLER v. HART & HARRINGTON.

### (Filed 19 March, 1913.)

**1. Judgments—Res Judicata—Execution—Injunction—Practice—Direct Proceedings.**

Where in proceedings in summary ejectment on final judgment entered in the Superior Court it has been adjudicated that the plaintiff in the present action was the tenant of the defendant herein, which judgment was not appealed from, the matter is *res judicata*, and the plaintiff herein, the defendant in the former action, cannot maintain his suit for an injunction to restrain the execution of the judgment in the former action, or that he be kept in possession, or for an accounting, his remedy being to vacate the judgment for recognized equitable reasons in direct proceedings.

**2. Same—Collateral Agreement—Mortgage—Possession.**

It having been adjudicated in a former action that the plaintiff did not have title to the lands in dispute, he sets up a collateral agreement in this action by which he was to buy the lands, and contends that he can enforce this agreement on payment of the purchase money: *Held*, an injunction should not issue to restrain an execution under the former judgment, and the plaintiff must surrender possession before bringing action.

WALKER, J., concurs in the result.

APPEAL by plaintiff from *Carter, J.,* at Spring Term, 1913, of LENOIR.

*Rouse & Land for plaintiff.*
*T. C. Wooten and Y. T. Ormond for defendants.*

CLARK, C. J. The defendants brought an action in summary ejectment before a justice against the plaintiff, and recovered judgment. On appeal, this judgment was confirmed. On the issues submitted in the Superior Court the jury found that this plaintiff was tenant of these defendants, that the tenancy had terminated, and that they were entitled to recover possession and $82 for rent and damages up to the trial. There was no appeal.

The plaintiff in this action alleges that he was originally owner of the premises, and that he rented them from the de-

fendants, who purchased at the sale under a mortgage executed by him, and that they agreed to permit him to redeem, and that he had made payments in pursuance of such agreement; and he asks for an injunction to restrain the execution of the judgment of the Superior Court in the former action and that he be kept in possession pending an accounting, and that he be allowed to redeem the land upon ascertainment of the balance due.

The defendants rightly contend that it being *res judicata* that this plaintiff is a tenant of these defendants and they having judgment to recover possession of the premises and rent and damages for its detention, he cannot restrain the execution of such judgment, and that if he has any cause of action of the nature alleged in his complaint, he must first vacate the premises. This is well-settled law. *Davis v. Davis,* 83 N. C., 71; *Parker v. Allen,* 84 N. C., 466; *Hahn v. Latham,* 87 N. C., 172; *Foster v. Penry,* 77 N. C., 160.

Besides this, the old system which recognized a distinction between law and equity, and under which a plaintiff could recover a judgment at law and yet in a proceeding in equity be restrained from the execution of the judgment of a court of competent jurisdiction, has been happily abolished since the adoption of the Constitution in 1868. We have no longer such palpable anomalies in our procedure. If the defendant had a defense, he should have set it up in the same proceeding, which should thus settle once for all the entire controversy. This plaintiff having been found in the former action to be a tenant of these defendants, and they having been adjudged to be entitled to possession, he cannot be heard to question the validity of that judgment nor to restrain its execution except in a direct proceeding to set aside the judgment for fraud, irregularity, or excusable neglect or mistake, none of which things are alleged.

The plaintiff must obey the judgment of the court and surrender possession in obedience thereto. He cannot maintain this action to restrain the execution of such former judgment.

The defendants herein further contend that even if the plaintiff surrenders possession, he cannot maintain this action upon

allegations of an agreement to purchase the premises and for an accounting for the payments which he alleges he had made thereon, because these matters should have been set up in the trial in the Superior Court, in which the jury found, upon issues submitted, that the plaintiff was their tenant. Whether or not the plaintiff, when defendant in the former action, could have set up in the trial in the Superior Court, on appeal from the justice, the demand for affirmative relief, for an accounting and for leave to redeem, he could, not only in that court, but before the justice, have set up the *defense* that he was not a tenant, but that he held under an agreement to buy. The verdict and judgment are conclusive that he did not so hold, but that he was a tenant.

The plaintiff's contention that, notwithstanding his being a tenant, he had a collateral agreement to buy the land which he can enforce upon tender of the purchase money, and the defense of *res judicata,* are matters not yet passed upon by the court below. It is sufficient to say in this case that the injunction should not have been issued and that the plaintiff must surrender possession.

Reversed.

WALKER, J., concurs in result.