DUNCAN E. McIVER v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 19 November, 1913.)

**Ejectment—Justice's Court—Landlord and Tenant—Jurisdiction.**
　　To sustain a summary action of ejectment before a justice of the peace under Revisal, sec. 2001, etc., the relation of landlord

McIver v. R. R.

and tenant must be shown, and where there is no evidence of this relationship, and title to the realty is the matter involved, the action should be dismissed in the Superior Court for the want of jurisdiction where the action was originally brought.

CLARK, C. J., concurring in part.

APPEAL by plaintiff from *Bragaw, J.,* at March Term, 1913, of LEE.

Summary proceeding in ejectment under the landlord and tenant act, Revisal, sec. 2001, etc.

At the conclusion of the evidence, the court held that the title to land was in controversy, and that the justice of the peace had no jurisdiction under the landlord and tenant act, and dismissed the proceeding. Plaintiff excepted and appealed.

*A. A. F. Seawell, C. L. Williams, and L. D. Robinson for plaintiff.*

*Walter H. Neal for defendant.*

BROWN, J. The summary remedy in ejectment provided by the statute for the ousting of tenants who hold over after the expiration of the term is restricted to cases where the relation between the parties is that of landlord and tenant. *Hauser v. Morrison,* 146 N. C., 248; *McCombs v. Wallace,* 66 N. C., 481; *Hughes v. Mason,* 84 N. C., 472.

As said in *McDonald v. Ingram,* 124 N. C., 274: "The only question the court can try under the statute in this proceeding is, Was the defendant the tenant of the plaintiff, and does she hold over after the expiration of the tenancy?"

There is no evidence whatever of a tenancy in this case.

The most that we can make out of the evidence, taking it in its most favorable view for the plaintiff, is that the small piece of land in controversy is covered by a part of the defendant's cotton platform in Sanford; that it was originally constructed by the C. F. and Y. V. Railway Company; that the plaintiff claimed the land, but that it was vacant and unoccupied by any one; that the plaintiff told Fry to go ahead and construct his platform over the property; that it was his property.

McIver *v*. R. R.

There is no evidence that the C. F. and Y. V. Railway Company or this defendant, or any one duly authorized, ever rented the property from the plaintiff, or claimed under him. Not even nominal rent has ever been claimed by the plaintiff or paid by the defendant. The plaintiff, being asked when this indefinite and uncertain transaction took place, says: "I have used every effort to definitely state when this transaction took place, but I cannot do that. My best impression is that it was '96, '97, possibly '95. I do not think now it was as late as 1898."

There is evidence that at that time the property was claimed and possessed by the defendant under a deed from John Scott to Raleigh and Augusta Air Line Railroad, dated July, 1876.

The evidence is not sufficient to prove that the defendant company ever held possession of the property as a licensee of the plaintiff, much less as a tenant. There is no evidence that this defendant claims under the C. F. and Y. V. Railway or succeeded it.

We think if the plaintiff claims title, he should pursue his action of ejectment against the defendant in the Superior Court.

Affirmed.

CLARK, C. J., concurs in the opinion of *Mr. Justice Brown*, except in the intimation in the last paragraph that the plaintiff may be put out of court for want of jurisdiction and bring a new action in the Superior Court. It is contrary to the spirit of our present system of procedure when a case has gotten in the Superior Court by appeal, or otherwise, to put the plaintiff out of that court which has full jurisdiction of the cause, because of defect of jurisdiction in the lower court, and tell him to come back into the same court in another method. *Cui bono* shall this be done when he is already in the proper court?

The Superior Court is a court of general jurisdiction. When a case has been tried in a lower court and gets into that court by appeal, the court is seized of full jurisdiction and should proceed to dispose of the cause on the merits. This has been required by statute when the appeal is from the clerk to the Superior Court. The spirit of the Constitution is the same when the appeal is from any other tribunal to the Superior Court.

It is true, the practice has been usually otherwise, but not uniformly. *McMillan v. Reeves,* 102 N. C., 559, and other cases cited in *Wilson v. Insurance Co.,* 155 N. C., at page 177. But such practice, it seems to me, should not be followed.

This point has heretofore been discussed in *S. v. McAden,* 162 N. C., at p. 575, citing *Cheese Co. v. Pipkin,* 155 N. C., at p. 401; *Unitype Co. v. Ashcraft, ib.,* at p. 71; *Wilson v. Insurance Co., ib.,* at p. 177. It may be that if the matter is called to the attention of the Legislature appropriate legislation may be had in conformity to the Constitution and the spirit of our present Procedure, as has been done in regard to appeals from the clerk to the Superior Court. Or the Court may some day so hold, for legislation ought not to be necessary under our Constitution.

The present practice in that matter has not been required by any statute or by any provision of the Constitution. It has been merely the following by the courts of the procedure which was very proper under the former system of practice. The Court at any time can refuse to longer follow it, or the Legislature may require that the practice in this respect shall conform to the spirit of our modern procedure.