CLARK, C. J., concurring.
There was evidence for the plaintiff tending to show that defendant rented the house and lot in question, or a portion of it, from Edward Gause, former owner, some time in 1911, and had continued in occupation of the property until the death of Edward Gause in December, 1916; that five or six days before his death, said Edward Gause, uncle of plaintiff, conveyed the property to plaintiff, who instituted the present suit. Defendant, denying the right to maintain the proceedings, offered evidence tending to show that defendant had not rented the house from Edward Gause, who was her uncle also, but had lived in the house to take care of him for six years past; that twelve or eighteen months before his death said Edward Gause had duly made his last will and testament, devising this property to defendant, his son and his brother, *Page 361 
and two grandchildren, "share and share alike," which will had been duly proven and recorded. Defendant produced evidence further tending to show that the devisor and former owner, Edward Gause, who was between 80 and 90 years of age, had suffered a stroke of paralysis three months before his death, and after that time, and at the time of the making of the alleged deed the plaintiff, five or six days before his death, as stated, he had not sufficient mental capacity to execute a valid deed, or to know what he was doing. The court being of the opinion that "defendant" could not attack the deed of Edward Gause to the plaintiff, and could not set up title in herself submitted and restricted the force and effect of the pleadings to the single issue. "Whether defendant had rented the property from Edward Gause prior to his death." The jury having answered the issue, "Yes." There was judgment of ejectment against defendant, and thereupon she excepted and appealed, assigning errors.
It is familiar learning that a tenant is estopped to deny the title of his landlord. As stated, however, in some of the authorities apposite, the estoppel in question "extends merely to a denial of what has already been admitted, that is, the original landlord's title and does not prevent a tenant from assailing the validity of an alleged transfer from the original landlord." The modification suggested is approved by this Court in Steadmanv. Jones, 65 N.C. 388-391, and generally recognized as the correct position on the subject, Jackson v. Rowland, 6 Wendall (N. Y.), 666; Million v.Riley, 1 Dana (Ky.), 359; 24 Cyc., p. 745; 16 R. C. L., p. 670; title Landlord and Tenant act, 156. In any event, therefore, there was error to defendant's prejudice in refusing to consider the evidence offered by defendant tending to show that the plaintiff had not succeeded to the right which the defendant had recognized in taking the alleged house. And this cause being a summary proceeding in ejectment instituted before a justice of the peace, we are of opinion further, from the facts of the record as they now appear, that this action should be dismissed for lack of jurisdiction to proceed further with the hearing. Our Constitution, Art. IV, sec. 27, denies to justices of the peace jurisdiction of causes where the title to real estate is in controversy, and it is the accepted position, approved and illustrated in numerous decisions, that where a justice's court is without jurisdiction of a cause of action, the Superior Court, on appeal, cannot proceed with it, the jurisdiction of the latter being derivative only, and dependent on that of the justice of the peace where the cause originated. McLaurin *Page 362 v. McIntyre, 167 N.C. 350; McIver v. R. R., 163 N.C. 544; Cheese Co. v.Pipkin, 155 N.C. 394. In the last citation the principle is stated as follows: "The Superior Court has no jurisdiction on appeal from a justice's court of an action erroneously brought in the latter court, and of which the justice's court had no jurisdiction, the jurisdiction of the Superior Court being derivative only." Again, while our Court has been very insistent on the principle that where one has entered under a lease or contract of rental, he may not dispute or question the title of his landlord without first surrendering the possession. The position does not necessarily or usually prevail when the title of the landlord has terminated, and especially when the same has been acquired by or descended upon the tenant. As said in Lawrence v. Eller, the loyalty which affords the basis for the position is to the title under which the tenant has entered, and in the case suggested the loyalty in question not infrequently permits and may require that the tenant shall avail himself of the title acquired to protect his possession, and is allowed to assert and insist upon it for the purpose indicated. Lawrence v. Eller, 169 N.C. 211-213;Forsythe v. Bullock, 74 N.C. 135; Turner v. Lowe, 66 N.C. 413. In theLawrence case the general principle, and some of the exceptions, are stated as follows: "It is recognized as the general rule that a tenant is not allowed to controvert the title of his landlord or set up rights adverse to such title without having first surrendered the possession acquired under and by virtue of the agreement between them.
"The position does not usually obtain where, after the renting, the title of the landlord has terminated, for, under the doctrine as it now prevails, the loyalty required is to the title, not to the person of the landlord, and in courts administering principles of equity the estoppel is not recognized when the tenant has been misled into a recognition of his lessor's title by mistake or fraud, and under circumstances which would induce a court of equity to hold the landlord a trustee for the tenant, and there are other exceptions of a restricted nature." And in Turner v. Lowe,supra, it was held as follows: "The principle that a tenant cannot dispute his landlord's title is in full force, but a tenant was never prevented from showing an equitable title in himself, any facts which would make it inequitable to use the legal estate to deprive him of the possession." For this purpose formerly a tenant was driven into equity, but under the present system the tenant in such cases can avail himself of such equitable defenses in his answer. And in determining the question of justice jurisdiction, the courts hold that where a prima facie case within such jurisdiction is stated and made the basis of plaintiff's claim, such jurisdiction is not ousted merely by reason of an answer setting forth a controversy as to the title of realty or other jurisdictional question, but the court should hear the testimony in the cause and determine *Page 363 
from that whether such controversy is in fact and truth presented. From a perusal of the record and on issue joined, there are facts in evidence on the part of the defendant tending to show that the plaintiff is a niece of Edward Gause, the former owner and alleged landlord, and that the deed from him, under which plaintiff claims the property, was executed five or six days before his death, when he was approaching 90 years of age; that he had suffered an attack of paralysis three or four months before, was utterly helpless and without mental capacity to make the deed or any other similar paper. There was evidence further to the effect that more than a year before this the owner had executed a will in proper form, which had been admitted to probate, according to which he devises the property to defendant and the sons and grandsons of the devisor. And under a proper application of the authorities cited, and the principles they approve and illustrate, we are of opinion that it is open to defendant to raise the issue as to the validity of plaintiff's claim and under the testimony referred to there is a controversy involving the title to real property presented which withdraws the case from a justice's jurisdiction and deprives the Superior Court of the right to proceed further in the matter.McLaurin v. McIntyre, supra; Hahn v. Guilford, 87 N.C. 172; Parker v.Allen, 84 N.C. 466; Forsythe v. Bullock, 74 N.C. 135; Turner v. Lowe,66 N.C. 414. In the McLaurin case it was held: "The jurisdiction conferred by the landlord and tenant act upon justices of the peace does not obtain where the title to the land is in dispute; and when, in the course of the trial, it appears that the matters involved do not fall within the jurisdiction conferred in these respects, the justice should dismiss the action; and, upon appeal, the Superior Court, acquiring no further jurisdiction than the court wherein the action was commenced, may not proceed with the trial." In the Parker case the ruling of the Court is stated as follows: "In a summary proceeding in ejectment before a justice of the peace, or on appeal, it is the province of the court to determine whether the title to the land is in controversy, and where the testimony shows that such controversy exists or that equities growing out of a contract of purchase are to be adjusted, as in this case, the proceedings should be dismissed for want of jurisdiction."
This will be certified to the end that the proceedings be dismissed, plaintiff being free to seek relief by action in Superior Court, if she is so advised.
Reversed.