PICKENS & BRADLEY v. G. V. WHITTON and C. M. HERRING.

(Filed 14 December, 1921.)

**1. Appeal and Error — Courts — Justices' Courts— Superior Courts—
Recordari.**

Where the defendant has appealed from a judgment in a justice's court,
and has failed to docket his case at the next term of the Superior Court
commencing ten days or more after the rendition of the judgment, in
order for him to obtain a *recordari* from the Superior Court he must move
therefor at the earliest moment, and also show a meritorious defense.

**2. Same—Laches—Meritorious Defense.**

Upon motion for a *recordari* to issue from the Superior Court to bring
up an appeal from a justice's court, the mere allegation in an affidavit
that the movant has a meritorious defense is insufficient, it being required
that the facts be shown for the court to determine the matter.

**3. Appeal—Recordari—Statutes.**

The provisions of C. S., 660, as to the writ of *certiorari*, have no appli-
cation where an appeal from the justice's court has been lost through the
default of the appellant, and the failure of the appellee to docket and
dismiss is no waiver of the appellee's rights upon appellant's motion for a
*certiorari*.

APPEAL by defendants from *Adams, J.,* at August Term, 1921, of
BUNCOMBE.

This action was begun before a justice of the peace, and on 4 June,
1921, judgment was rendered by said justice against the defendants,
who appealed. On 13 August the defendants applied to Adams, J., in
the Superior Court, for *recordari*. The motion was refused, and the
petitioner appealed.

*W. P. Brown for plaintiffs.*
*Ruffner Campbell for defendants.*

CLARK, C. J. The justice of the peace rendered judgment against the
defendants 4 June, 1921. The next term of the Superior Court began
within two days thereafter, and it was not incumbent upon the appellants
to docket the appeal at that term, it being within less than 10 days,
though they could have done so if they had chosen. But the appeal was
required to be docketed at the next term of the Superior Court, which
began on 11 July, being for the trial of both civil and criminal causes,
*Barnes v. Saleeby,* 177 N. C., 256; *Abell v. Power Co.,* 159 N. C., 348;
*Peltz v. Bailey,* 157 N. C., 166; *Blair v. Coakley,* 136 N. C., 405, and
other cases cited under C. S., 1532. The next term thereafter began on

1 August, 1921, and was for the trial of civil actions only. The appellants took no action until towards the close of this term, when on 13 August they applied for *recordari,* which was refused.

To enable an appellant who has not docketed his appeal within the time required by the statute, C. S., 1532, *i. e.,* at the first term of the Superior Court beginning not less than 10 days after the appeal was taken, to bring up his appeal by *recordari* he must show both (1) a lack of *laches* on his part; (2) a meritorious defense. An inspection of the court's findings of fact in this case shows that the defendant has not brought himself within the rule in either particular.

1. The petitioner must move for the writ of *recordari* at the earliest moment, and his failure to do so will defeat his right thereto. *Boing v. R. R.,* 88 N. C., 62; *Hahn v. Guilford,* 87 N. C., 172.

2. The petitioner has not shown a meritorious defense. *Tedder v. Deaton,* 167 N. C., 479; *Hunter v. R. R.,* 161 N. C., 503; *Marler v. Clothing Co.,* 150 N. C., 519; *Pritchard v. Sanderson,* 92 N. C., 41.

It is true that the defendants allege in general terms that they have a meritorious defense, but they do not set forth sufficient facts to justify the court in so holding.

The defendants contend that C. S., 660, provides: "If the appellant shall fail to have his appeal docketed as required by law, the appellee may, at the term of court next succeeding the term to which the appeal is taken, have the case placed upon the docket, and upon motion the judgment of the justice shall be affirmed," and argues that failure to do so is a waiver of objection on the ground that the appellants failed to docket the appeal at the first term of the court beginning more than 10 days after the judgment was taken before the justice of the peace. But this Court has often held that this remedy, like that of docketing and dismissing appeals to this Court under Rule 17, is optional with the appellee, and that a failure to exercise such right cannot avail an appellant who has not brought up his appeal in apt time. *Davenport v. Grissom,* 113 N. C., 38, and other cases cited under C. S., 660.

It is absolutely necessary that there should be a regular order of procedure within the courts. The right to appeal is not an absolute right, but dependent upon the observance of prescribed regulations. If that were not so, at least half of the time which the courts can apply to the trial upon their merits of appeals which have been brought up by those diligent to observe the procedure of the court will be devoted to the consideration of excuses by those who have not been careful to do so.

The defendants further contend that C. S., 660, provides that the writ of *recordari* may issue in cases heretofore allowed by law, but those cases are "where the party has lost his right to appeal otherwise than by

his own default." *Marsh v. Cohen,* 68 N. C., 283.   See instances cited under C. S., 630, under heading *."Recordari."*

The motion for *recordari* was properly denied.   *Barnes v. Saleeby,* 177 N. C., 256, and cases there cited.

Affirmed.

ADAMS, J., did not sit.