## H. E. SONDLEY v. THE CITY OF ASHEVILLE.

*Appeal—Notice—Municipal Corporations.*

1. The provision in the charter of the city of Asheville, declaring that as soon as practicable after receiving the report of a jury appointed to assess damages and benefits arising from laying out streets, the Mayor shall call a meeting of the Board of Aldermen and submit the report to them, and if they are dissatisfied with any item thereof the city may appeal to the next term of the Superior Court, does not require that the Board of Aldermen shall come to a conclusion at the first meeting; the statute intends they shall have time for proper deliberation, and therefore, where, after some consideration, the report of a jury was postponed for one week, the city did not thereby lose its right of appeal.

2. The "next term" of the Court means that term which shall begin next after the expiration of the ten days allowed for service of notice of appeal.

MOTION to dismiss appeal from assessment of a jury, heard before *Merrimon, J.,* at August Term, 1891, of BUNCOMBE Superior Court.

The facts are stated in the opinion.

*Messrs. W. W. Jones* and *F. A. Sondley,* for plaintiff.
*Mr. T. H. Cobb,* for defendant.

CLARK, J.: The facts were found by the Court, and upon the facts found the Court dismissed the appeal. The exception to the judgment therefore presents for review the correctness of the order of dismissal upon such state of facts. It appears therefrom that the report of the jury to assess damages was filed on the 18th of February; that at the regular meeting of the Board of Aldermen, to whom the report was required by law to be made, held on February 20th, "the report of said jury was taken up and considered by said board," but though the plaintiff's counsel urged a decision that night, the board adjourned their final determination of the matter till the next regular meeting, which was on February 27th. At such meeting the Board of Aldermen approved the report, except as to the item of $2,000 assessed as damages in favor of the plaintiff, and ordered notice to issue to the plaintiff that on behalf of the city of Asheville an appeal was taken as to that item of damages. The notice was issued and served on March 2d. The next term of the Superior Court began on March 9th. The Court dismissed the appeal on the ground that " no sufficient reason, indeed no reason at all, has been shown why the board adjourned the consideration of the report from the 20th to the 27th of February, 1891. The Mayor might have called a meeting of the board for a day early enough to have afforded ample time to act finally upon said report, and give ten days' notice of appeal to the next term of the Superior Court as required by the city charter. Upon the foregoing facts, the Court is of opinion that the city has been guilty of laches and has lost the right of appeal from the item of damages assessed in favor of the plaintiff, and it is therefore adjudged that the said appeal be dismissed, and for the reasons that have moved the Court to dismiss the appeal, the application of the city,

at this term for a *recordari* in respect to said item of damages, is denied."

The charter of the city provides: " As soon as practicable after receiving the report of the jury, the Mayor shall call a meeting of the Board of Aldermen and submit the report to them, and if the Aldermen shall conclude that the damages assessed by the jury are excessive, they may decline to pay the same and discontinue the proposed improvement; * * * or if the Aldermen be dissatisfied with any item in the report, then and in that case, either party may appeal on the item with which they are dissatisfied to the next term of the Superior Court of Buncombe County, by giving the adverse party or parties ten days' notice in writing."

When the report of assessment was made on the 18th of February, and a regular meeting was to be held on the 20th of February, there was nothing in the act or in the circumstances of the case or the nature of the proceedings, which required that an extraordinary meeting should be called prior to the regular meeting which was to be held on the next day but one. No reason is shown why the city should be put to the extra expense or the aldermen to the inconvenience, nor does it appear that the plaintiff suffered any damage by the extraordinary meeting not being called. At the meeting on the 20th the report was submitted to the board as required by the act. The act did not require that a decision should be reached at such first meeting. Something must be left to the intelligence, discretion and presumed fair dealing of the Board of Aldermen of the city. The case states that they "considered" the report, but decided not to come to a final conclusion of the matter that night, and adjourned it for further consideration to another meeting, held a week from that date. This was no negligence, but on its face would show care and desire to arrive at a proper conclusion. It was not an unreasonable delay. There were many items in the report affecting many parties, and

the case states that some of the other parties affected by the report were not present, and that the board adjourned, after a suggestion of their absence and presumably to give them an opportunity to be heard, to the next meeting, a week later, though the plaintiff's counsel, representing one of the parties affected by the report, insisted on an immediate decision. It is true the Judge finds as a fact that no good reason was shown to him for the postponement. But surely the Board of Aldermen, chosen by the people of a city to administer their affairs, upon the receipt of a report of this kind affecting many persons, after considering it and finding some of the parties concerned not represented, are vested with the discretionary power, for that or any other reason deemed good by them, to adjourn its consideration for a week, that they may be more fully advised. The Board of Aldermen were not the opposite party to the plaintiff. They were a judicial body vested with the duty of scanning the report and of saying if, in all its items and in all respects, it was fair and just to the taxpayers of the city, and to the parties immediately interested in the report. Should they refuse to confirm any item of the report, the party affected or the city could appeal. If the city appealed, the board would order notice of appeal to be given on its behalf, which was done here in due time. The duty devolved upon the board was a serious one. Had they been forced to decide hastily that night without full consideration, and had held that the $2,000 assessed in favor of the plaintiff was just and proper, the taxpayers of the city would have been saddled with the payment of that sum without any opportunity of redress, however exorbitant or unjust the amount might prove to be. While the act requires prompt consideration of such reports of assessment, there is nothing in the act nor in the authorities, nor in the reason of the thing, which debars a postponement of a final decision, for so short a period for fuller consideration. We cannot see the sur-

roundings and learn the reasons which prompted the board to take a short postponement of the matter. We can see, however, on the record, that before the next meeting and during the week of postponement, the board had secured a deposit by parties interested, which, no matter how the action eventuates, will save the taxpayers from payment of any part of the assessment, provided the city, by taking an appeal, would give an opportunity to have the amount of the assessment reviewed by a Superior Court and before a constitutional jury. If it were law that when such reports of assessments are made, and they are necessarily frequent, the Board of Aldermen must at their first sitting, in hot haste and before rising, dispose of the matter, however desirous they may be of a short adjournment for further consideration, the result would be that, as a matter of safety, either the intended improvement must be abandoned, or an appeal would have to be entered for the city in every case. Such was not the intent of the law, which contemplates a consideration of the report by the aldermen who are charged with doing justice between the parties whose lands are condemned and the other taxpayers. Their decision as to any item is binding and conclusive if against the city, and it is only when they think that the amount assessed is too great that the city has opportunity to have the assessment reviewed on appeal by a Court and a jury of twelve men. There is no suggestion of any detriment which the plaintiff received or could have received by the adjournment. We think, therefore, that the adjournment of the final consideration of the report from February 20 to February 27 was not unreasonable, and was within the discretion reposed by law in the Board of Aldermen.

But were it otherwise, it could have made no difference in this case, for the plaintiff could be in no better condition than if the decision is taken to have been made by the board at the first meeting of February 20th. The notice of appeal was

served on March 2d, which was within ten days thereafter, under the statute (*The Code*, §§ 596 and 602), which "excludes the first day and includes the last." *Walker* v. *Scott*, 104 N. C., 481; *Barcroft* v. *Roberts*, 92 N. C., 249. Such service was made by the Chief of Police (who by the record is also City Marshal), who by the charter of Asheville (§§ 97, 176, 201, and ordinance 759) was authorized to serve the notice as fully as the Sheriff could have done. It was served on March 2d by leaving a copy with the plaintiff, as allowed by *The Code*, § 597 (2). Out of abundant caution, another notice of appeal was served the next day by reading it to the plaintiff. This was unnecessary. It is required as to the service of a summons (*The Code*, § 214), but not of a notice, *The Code*, § 597, *supra*.

The point most strenuously relied on before us was that the appeal must be "to the *next* term," and inasmuch as there was not ten days' notice (which the appellee was entitled to have) between the time the notice of appeal was served on March 2d and the next term of the Superior Court, which began on March 9th, it is urged that therefore the city lost its appeal and all right to have the assessment reviewed. The provision for an appeal to the next term, means no more than to the next term to which an appeal in orderly and regular course would go. If a case is tried before a magistrate within ten days before Court, and the party appealing waits till the tenth day to serve notice of appeal, the appeal goes to the next succeeding term. The appellant is not cut out of an appeal, because *The Code*, §§ 565, 880, provides that the appeal must be to the next term. *Ballard* v. *Gay*, 108 N. C., 544; *State* v. *Johnson*, 109 N. C., 852. In that case, too, the Justice is allowed ten days in which to send up the papers after service of notice of appeal. *The Code*, § 878. If by reason of the ten days allowed to give notice of appeal and the ten days thereafter to send up the papers, if in fact the appeal is not docketed at the first term

next immediately after the trial, the appellant would not lose his appeal. It goes up to the next term in orderly course of procedure. In like manner, an appeal to this Court stands for argument at "the next term" after the trial below. *State* v. *James*, 108 N. C., 792, and *Porter* v. *Railroad*, 106 N. C., 478. But it has been held that if the trial below was so short a time before the beginning of the next term here, that by exercise of the statutory time for giving notice of appeal, serving and settling the case, the appeal is not docketed here till after the district to which it belongs is passed, the cause (except by consent under Rule 10, or an appeal in a criminal case) does not stand for argument till the next succeeding term, though it should of course under our rules be docketed. *Avery* v. *Pritchard*, 106 N. C., 344.

In the present case, whether (as we have said) the Board of Aldermen had discretionary power to adjourn their decision from February 20th to February 27th or not, the service of notice of appeal on March 2d was in time. It was not the fault of the appellant that a term of the Superior Court began within ten days thereafter, and "the next term" must be held to be the next term beginning after the expiration of the ten days allowed to the appellee after the service of the notice of appeal. The order of the Court dismissing the appeal must be reversed.

Error.