.WALTER. A. SUTPHIN ET AL. V. JAMES A. SPARGER ET. AL.

(Filed 21 April, 1909.)

1. **Roads and Highways—County Commissioners—Appeal, When Taken.**

     Exceptions to a report of road commissioners, in proceedings to change the grade of and straighten a public road, under chapter 407, Laws 1907, should. be made at the confirmation of the report by the county commissioners, and appeal should then be taken, to be effective.

2. **County Commissioners—Appeal, When Docketed—Procedure.**

     Appeals from orders of the county commissioners are governed by the rules applying to appeals from a justice of the peace, and, to be effective, must be docketed at the first ensuing term of the Superior Court, or the appeal will be dismissed.

3. **Same—Appeal Bond.**

     In order to perfect an appeal from an order of the county commissioners it is necessary to give the appeal bond required by the Revisal, sec. 2690.

4. **Roads and Highways—Injunction—Motion to Dissolve—Supreme Court.**

     A motion to dissolve an order restraining the working of a public road, ordered by the county commissioners, under the provisions of chapter 407, Laws 1907, will be allowed in the Supreme Court, when it appears that the appeal from the order of the county commissioners was neither properly taken nor perfected.

APPEAL from SURRY, *Webb, J.,* upon motion to dissolve a restraining order, 29 February, 1909, at Wentworth.

Under authority conferred by chapter 407, Laws 1907, the county commissioners of Surry, on the first Monday in March,. 1908, appointed three road commissioners for said county. By section 1 of said act the road commissioners of said county were authorized, upon petition of a prescribed number of citizens and landowners, to lay out or change any public road of said county. Soon after their appointment the road commissioners, acting upon a petition presented to them to change the grade and straighten the road in question at certain points, after viewing the same, and upon notice of the hearing, laid off and staked out the changes. Some of the parties made no charge for damages, and the total amount assessed for those who claimed dam-

ages was $40. The road commissioners made their report to the county commissioners at their regular session on the first Monday in April, 1908, who confirmed the same. No exception was filed and no appeal was taken. An overseer was appointed, who worked out the road, as laid off, and made his report to the county commissioners at an adjourned meeting, 21 September, 1908, when the report of the overseer was confirmed and the road turned over to the supervisors of that township. On 26 September a notice of appeal by plaintiff was served. The next term of the Superior Court for Surry was held in November, but the appeal was not docketed at that term, nor till February Term, 1909. The plaintiff obtained, in February, 1909, a restraining order against the defendant Sparger, the road overseer, to prevent his working the road. The defendants moved to dissolve the restraining order. The court refused the motion and continued the restraining order to the hearing. The defendants appealed.

*V. E. Holcomb* for plaintiffs.
*W. F. Carter* for defendants.

CLARK, C. J. The plaintiffs' appeal did not put the case in the Superior Court.

1. The appeal should have been taken at the April term of the county commissioners, when they confirmed the report of the road commissioners and ordered the changes in the road to be laid out and worked. *McDowell v. Asylum,* 101 N. C., 656. The plaintiff should not have waited till after the work was done and the expense incurred by the public.

2. The plaintiff has further slept on his rights, in that when he did appeal he did not docket his appeal at the first term of the Superior Court thereafter, in November, 1908. Appeals from county commissioners are governed by the rules applying to appeals from justices of the peace *(Blair v. Coakley,* 136 N. C., 405), and must be docketed at the first ensuing term of the Superior Court. The docketing at February Term was a nullity. *Davenport v. Grissom,* 113 N. C., 38.

3. Besides, it seems that the plaintiffs did not give the appeal bond required by the Revisal, sec. 2690.

MARLER Co. *v.* CLOTHING CO.

The new road having been laid off and worked, and the old road abandoned, it is a serious inconvenience to the public to enjoin the working of the new road, which alone can be used, for the old road has been discontinued and there is no authority to use it.

The restraining order was improvidently granted, and the motion to dissolve it should have been allowed. An order to that effect will be entered here. *Griffin v. Railroad, ante,* 312.

Reversed.