S. G. HIGHSMITH ET ALS. v. M. R. PAGE ET ALS.

(Filed 5 March, 1913.)

**Deeds and Conveyances—Equity—Reformation—Husband and Wife
—Evidence—Communications, Etc.—Interpretation of Statutes.**
    Where a deed made to husband and wife, upon its face, conveys
    lands to them as tenants in common, and it is sought to be re-

formed, for mutual mistake, so as to convey an estate in entirety, the wife being then dead, it is competent for a party in interest to testify to declarations of the deceased wife, made in the presence of the husband, who is still living and a party to the suit, against his interest, to which he made no denial. Revisal, sec. 1631.

APPEAL by defendant from *Cline, J.,* at September Term, 1912, of PITT.

*Julius Brown and Moore & Long for plaintiffs.*
*Harry Skinner for defendants.*

CLARK, C. J. This cause was before us, 158 N. C., 226, where the facts are fully stated. The action was brought by the plaintiffs, who are the children and grandchildren of Elizabeth Page, now deceased, to reform a deed and to remove certain conveyances which are alleged to be clouds upon the title and to restrain the cutting and removing timber from the land. The complaint alleges that M. R. Page and his wife, Elizabeth, purchased from S. R. Ross a tract of land, Mrs. Page buying for herself and paying for that part of the land which lay on the east side of the canal and her husband that part lying west of the canal, but that by mutual mistake of the grantor and grantees and of the draftsman, the deed did not so express the intent. The defendant M. R. Page and his grantees and codefendants contended that the deed from Ross to him and his wife conveyed an estate in entirety, and that, therefore, she being dead, his conveyance of the land on the east side of the canal and of the timber thereon was valid. On the former hearing in this Court it was held that the deed on its face did not convey an estate in entirety, but that M. R. Page and his wife were tenants in common. On the second trial below the jury found that the contention of the plaintiffs was correct and that the deed should be reformed and that the land on the east side of the canal belonged to the children and grandchildren of Elizabeth Page, subject to the tenancy by the curtesy of M. R. Page.

Exceptions 1 and 2 are to the testimony of Jane E. Whichard, one of the plaintiffs, as to a conversation between her mother,

Elizabeth Page, and her stepfather, M. R. Page, as to her mother's interest in the land east of the canal. The defendant excepted to the admission of this testimony because the witness was a party to this action and her mother was dead. But this does not bring her evidence under the prohibition in Revisal, 1631. Her testimony is against M. R. Page, a living person, who is competent to take the stand in reply. *Bunn v. Todd*, 107 N. C., 266. The testimony was competent as a declaration made in the presence of M. R. Page which called for an answer, but which was not denied by him.

Exception 3 was abandoned. Exceptions 4, 5, 6, and 7 are to the testimony of other witnesses as to conversations between Page and his wife to like purport, and are competent to show *quasi*-admissions by him, as to the true nature of the transaction when the Ross deed was given. Exceptions 9, 10, and 11 are to evidence of statements made by S. R. Ross, a witness for the plaintiff, contradictory to those he made on the stand. Exception 12 is for a refusal to nonsuit, and exception 14 is a broadside exception to the charge, and do not require discussion.

Exception 13 is to the refusal of issues asked and to the issues submitted, and cannot be sustained. Every phase of the controversy could be presented on the issues actually submitted. *Humphrey v. Church,* 109 N. C., 137.

No error.