BEN JONES v. J. J. FOWLER AND CITY OF WILMINGTON.

(Filed 12 March, 1913.)

1. **Courts—Justices of the Peace—Docketing Appeal—Action Dismissed—Waiver.**

When an appeal from a judgment of a justice of the peace is not docketed in the Superior Court in the time prescribed by the statute, it will be dismissed unless the provision is waived by the adverse party, and an agreement which only provides for the custody of the property pending the appeal does not have the effect of a waiver of the time within which the appeal should be docketed.

2. **Courts—Justices of the Peace—Presumptions—Jurisdiction—Motions to Dismiss—Judicial Knowledge.**

Where a judgment has been obtained in the court of a justice of the peace to recover 300 pints and half-pints of whiskey, the value stated in the summons to be less than $50, the presumption is that the judgment is valid and that the facts necessary to sustain it exist; and the Supreme Court will not assume that its value is greater than that found, upon a motion to dismiss for want of original jurisdiction in the justice's court.

APPEAL by defendants from *Carter, J.,* at January Term, 1913, of PENDER.

This is an action to recover 300 pints and half-pints of whiskey.

The action was commenced before a justice of the peace on 20 February, 1912, and the value of the property is stated in the summons to be less than $50.

Judgment was rendered in favor of the plaintiff by the justice of the peace on 21 February, 1912, and it was then agreed that the defendants should hold the whiskey and bottles until the cause should be finally decided by the higher court.

The defendants appealed, but the appeal was not docketed in the Superior Court until 10 September, 1912, four terms of the Superior Court having intervened between the time the appeal was taken and the docketing of the same.

At Fall Term, 1912, the appeal was dismissed because of delay in docketing, and the defendants excepted and appealed.

HIGHSMITH *v.* PAGE.

The defendants move in this Court to dismiss the action, upon the ground that the Court can take judicial notice that the quantity of whiskey sued for is worth more than $50.

*No counsel for plaintiff.*
*H. M. McClammy for defendant.*

ALLEN, J.  The appeal was not docketed in the time required by law, and was properly dismissed (*Davenport v. Grissom,* 113 N. C., 38; *Peltz v. Bailey,* 157 N. C., 167), unless the agreement entered into between the parties is a waiver of the right to dismiss, and we think it cannot have this effect.

It does not purport to deal with the right of appeal or the time of docketing, and simply provides for the custody of the property pending the appeal.

The motion to dismiss the action upon the ground that the value of the property is more than $50 cannot be allowed.

The value is stated in the summons to be less than $50, and it does not seem that this was controverted before the justice, and the justice has rendered judgment in favor of the plaintiff.

The presumption is that the judgment is valid, and the facts necessary to sustain it are presumed to exist.

Again, the whiskey has no market value in Wilmington, because it cannot be legally sold there, and in the absence of a market value, and in the face of the statement in the summons and the judgment of the justice, this Court must decline to hold that its intrinsic value is generally known, or that the Court has any special expert knowledge upon the subject.

Affirmed.