CHARLES R. HELSABECK v. C. T. GRUBBS.

(Filed 12 April, 1916.)

**Courts — Justices of the Peace — Appeal — Recordari—Motions to Dismiss— Statutes.**

A motion to dismiss an appeal from a justice's court, made in the Superior Court several terms after the judgment has been entered, for failure to send up the transcript, should be granted under Revisal, sec. 608, notwithstanding due notice of appeal has been given, when the appellant has not paid the fees required or taken proper steps to perfect the appeal; and his motion for *recordari* should be denied.

APPEAL by plaintiff from *Cline, J.*, at November Term, 1915, of FORSYTH.

*Ovid W. Jones, Benbow, Hall & Benbow, and W. H. Beckerdite for plaintiff.*

*No counsel for defendant.*

CLARK, C. J. This action was begun before a justice of the peace, 24 February, 1913, for recovery of personal property. Defendant failed to appear, and at the trial judgment was entered in favor of plaintiff. On 4 March, 1913, the defendant caused notice of appeal to be served on plaintiff and the justice of the peace, but the latter did not send up the appeal, claiming that his fees had not been paid. At December Term,

HELSABECK *v.* GRUBBS.

1913, of the Superior Court, the seventh term of that court held after the trial before the justice of the peace, the defendant, who in the meantime had made no effort to ascertain whether his appeal had been docketed, moved in the Superior Court for *recordari* and the plaintiff moved to dismiss the appeal. The latter motion was overruled. The plaintiff excepted and from the verdict and judgment at the trial appealed to this Court.

Without passing upon the exceptions for error at the trial, it is sufficient to say that the motion in the Superior Court to dismiss the appeal should have been allowed. In *Boing v. R. R.,* 88 N. C., 62, it was held that an appeal from a justice of the peace should be docketed at the first term of the Superior Court.

Many decisions have followed to the same effect. In *Peltz v. Bailey,* 157 N. C., 167, the Court held, reviewing the authorities, as follows: "Appellee has rights as well as the appellant. The failure to docket the appeal in this case at the November term was negligence on the part of the appellant, which entitled the appellee to have the appeal dismissed. This point has been so often held by this Court that it admits of mild surprise that it can be again presented. . . . The Court has sufficient employment to decide cases which are presented to us on their merits, without taking up valuable time to consider the excuses for negligence by parties who do not think enough of their appeals to attend to them in the time provided by statute." That case cites numerous others to the same effect.

Revisal, 608, requires an appeal from a justice of the peace to be "docketed at the next ensuing term of the Superior Court," which has always been held to be the first term of that court "which begins more than ten days after judgment in the magistrate's court." The statute further provides that appeals from a justice shall be triable at such first term, and the Superior Court has no more right to dispense with such requirement than this Court has to disregard the similar provision as to docketing appeals in this Court.

The object of our statute, Revisal, 608, is to expedite the trial of appeals from justices, and for same reason, Revisal, 609, provides that such causes shall be tried upon original papers. The intention of the law is that litigation for such small matters as come up from justices of the peace shall not be made expensive by unnecessary delays.

Besides numerous cases cited in *Peltz v. Bailey,* that case itself has been cited since as conclusive authority in *Jones v. Fowler,* 161 N. C., 355. There was error in not dismissing the case below.

Reversed.