JAMES W. SNEEDEN v. JAMES J. DARBY.

(Filed 4 April, 1917.)

**Appeal—Recorder's Court—Justice's Court—Dismissal of Appeal—Judgment —Stay Bond—Costs—Statutes.**

Where a defendant appeals a judgment rendered against him in a recorder's court, under a statute prescribing the same methods as from a court of a justice of the peace, and fails to have it .docketed in the Superior Court at the next ensuing term, etc., the plaintiff may have the appeal docketed and dismissed upon motion, and the judgment in the lower court affirmed (Rev., sec. 608), and tax the defendant and his surety on his stay bond with the costs of appeal, according to the conditions thereof. Revisal, sec. 607.

CIVIL ACTION, tried before *Connor, J.,* at November Term, 1916, of NEW HANOVER.

This is a civil action begun 25 May, 1916, by summons issued from the recorder's court of New Hanover County at the instance of the plaintiff, to recover money alleged to be due him by the defendant for labor performed. Judgment was duly rendered on 8 July, 1916, in favor of the plaintiff and against the defendant for the sum of $192.12, from which the defendant gave notice of appeal to the Superior Court. The next term of the Superior Court of New Hanover County after the rendition of said judgment was held on 11 September, 1916, which was "for the trial of criminal cases only," and at the succeeding term of the Superior Court of said county, which was for the trial of civil cases only, defendant having failed up to that time to have said appeal docketed on his own behalf, on 27 October, 1916, which was the fifth day of said term, plaintiff caused said appeal to be docketed, and paid the fees therefor, for the purpose of moving for the dismissal of the same, under section 607 of the Revisal of 1905. Thereupon judgment was rendered in the Superior Court, dismissing the appeal and affirming the judgment of the recorder, and also against the surety upon the stay bond.

The defendant excepted and appealed upon the ground that the docketing of the judgment in the Superior Court was a docketing for the purpose of the appeal, and that no further action was required to perfect the appeal, and also upon the ground that the court could not dismiss the appeal and at the same time enter judgment upon the stay bond.

*J. C. King and L. Clayton Grant for plaintiff.*
*J. O. Carr for defendant.*

ALLEN, J.    The act establishing the recorder's court in Wilmington, chapter 389 of Public Laws of 1909, as amended by chapter 217 of the Public Laws of 1911, provides that "Any person desiring to appeal to the Superior Court in a criminal or civil case from a judgment of the recorder's court shall be allowed to do so in the same manner as is now provided for appeals from the courts of justices of the peace"; and section 608 of the Revisal requires an appeal from a justice to the Superior Court to be docketed "at the ensuing term of said court."

It has been frequently held that a failure to comply with this provision of the statute and to docket the appeal at the ensuing term entitles the party recovering judgment to dismiss the appeal.

The latest case on this question is *Helsabeck v. Grubbs,* 171 N. C., 337.

It follows, therefore, that there is no error in dismissing the appeal, as the defendant has never docketed his appeal in the Superior Court.

The provision of the statute relied on by the defendant, saying that "All judgments for the plaintiff rendered by the recorder shall be duly docketed in the office of the clerk of the Superior Court, and execution shall be issued thereon as is now provided by law for executions," does not refer to proceedings connected with the appeal, but to the docketing of the judgment for the purposes of lien and execution.

The judgment against the sureties on the stay bond is also authorized under section 607 of the Revisal, which provides; "That if the appellant shall fail to have his appeal docketed as required by law, the appellee may, at the term of said court next succeeding the term to which the appeal is taken, have the case placed upon the docket, and upon motion the jugment of the justice shall be affirmed and judgment rendered against the appellant accordingly, and for the costs of appeal and against his sureties upon the undertaking, if there be any, according to the conditions thereof."

It is probable that the defendant was not more diligent because he did not hope to reduce the amount recovered before the recorder, as it is stated in the judgment in that court that the plaintiff submitted to the defendant an account showing $235.63 due him, and that this was not denied by the defendant, and that the claim of the defendant against the plaintiff for $43.51 was allowed, leaving a balance of $192,12, for which judgment was rendered.

Affirmed.