E. T. BARNES ET AL. v. G. R. SALEEBY ET ALS.

(Filed 2 April, 1919.)

1. **Justices' Courts—Appeal—Docketing Appeal—Term—Notice.**

The appellant from a justice of the peace judgment should docket his case at the next criminal or civil term of the Superior Court, and upon his failure to do so the court has not the power to allow it, though when docketed in time the court may allow notice of appeal to be given *nunc pro tunc*.

2. **Justices' Courts — Appeals—Terms—Judge's Absence—Procedure—Subsequent Term—Statutes.**

When the judge does not attend the next term of court at which an appeal from a judgment of the peace should have been docketed, the appellant should see that the appeal is docketed in time, all matters then pending being carried over, under our statute, in the same plight and condition, to the subsequent term. Revisal, sec. 1510.

3. **Same—Motions—Recordari.**

Where a justice of the peace has failed to send up a judgment appealed from in the time required by statute, the appellant should file his motion for a *recordari*, in the absence of the judge, to hold the courts at that term, which would carry the matter to the subsequent term for disposition.

**4. Justices' Courts—Appeal—Term of Court—Motions—Optional Procedure —Dismissal.**

> Where a transcript of judgment on appeal from a justice of the peace has not been docketed in the Superior Court at the proper term, the right of the appellee to have it docketed and dismissed under Revisal, 608, is optional, and the remedy given by the statute is not exclusive.

**5. Landlord and Tenant—Lease—Contracts—Parol—Statutes of Fraud— Consideration.**

> A parol promise made by the lessor during the continuance of a written lease for a term, that he would not thereafter rent the premises to another than the lessee, when occupied by him, without giving him an opportunity to renew the lease, is ineffectual, it being for an indefinite period, void under the statute of frauds and without consideration.

**6. Appeal and Error—Frivolous Appeals—Dismissal—Landlord and Tenant —Parol Lease—Statute of Frauds—Consideration.**

> When it appears on appeal from a judgment of the Superior Court against the defendant in summary ejectment that the only grounds relied on for his continuing in possession is an oral contract, void under the statute of frauds and without consideration, the appeal will be dismissed as frivolous and for the purpose of delay.

**7. Justices' Courts—Appeals—Docketing—Dismissal—Agreement of Parties.**

> Where a justice of the peace judgment should be dismissed in the Superior Court for failure of the appellant to docket his appeal at the proper term, and the appellant has refused the appellee's offer to try the case upon its merits, its trial there otherwise must be with the appellee's consent, and the appeal will be dismissed.

ALLEN and HOKE, JJ., concur in result.

APPEAL by defendants from *Bond, J.,* at February Term, 1919, of WILSON.

This action—summary proceedings in ejectment—was begun before a justice of the peace in Wilson County on 2 January, 1919, and heard the same day. Judgment for possession and for costs was rendered, from which the defendant in open court, 2 January, 1919, gave notice of appeal to the Superior Court, and filed with the justice a bond to stay execution. The next ensuing regular term of the Superior Court was scheduled by statute to be held the week beginning 13 January, 1919. The judge did not attend that term of the court, although the clerk had placed all cases returnable to and pending in the court on the docket. The justice before whom the case was heard did not make any return of the notice of appeal until 1 February, 1919. The appellant did not file with the clerk any motion or papers of any kind, with reference to the case, during the week commencing 13 January, 1919.

A regular two-weeks term of the Superior Court of Wilson convened on 3 February, 1919. On the first day of the term the plaintiff made a motion, on notice to the defendant, to dismiss the appeal, stating that

17—177

he desired the appeal dismissed, but if the defendant would consent to a trial of the case on its merits, the motion to dismiss the appeal would be withdrawn and the case tried on its merits. The court continued this motion until Thursday of that week, when the motion was again made— the plaintiff again offering to withdraw the motion if the defendant would consent to a trial of the case on its merits. The case could not be tried except by consent because of Rule 24 of Practice in Superior Court. Upon the defendants again declining to consent to a trial of the case on its merits, the plaintiff insisted on his motion, and judgment dismissing the appeal was entered as set out in the record. From the judgment dismissing the appeal the defendant gave notice, in open court, of an appeal to the Supreme Court, and filed bond for rent, to stay execution as provided by statute.

As appears from the certificate of the clerk of the Superior Court, the defendant has paid into the office of the Clerk of the Superior Court seventy dollars ($70) rent due from 1 January, 1919, to the date of the judgment, 6 February, 1919.

On 8 February, 1919, the appellees served notice on the appellant that motion would be made in the Supreme Court at the opening of court on Tuesday, 18 February, 1919, to docket the appeal and dismiss same for the reason that the appeal was not taken in good faith from any error in the judgment, as would appear from an inspection of the record, but was taken merely for the purpose of delay.

This motion was made on 18 February, and the court ordered the transcript printed and the appeal placed at the foot of the calendar of the Seventh District for hearing.

*W. A. Lucas for plaintiffs.*
*John E. Woodard for defendants.*

CLARK, C. J. The defendants entered into the possession of a store on Nash Street, in Wilson, on 1 January, 1914, under a written lease, by the terms of which the defendants were to make certain repairs, in consideration of which they were to enjoy the occupancy of the premises at a stipulated rent for a term of five years ending 31 December, 1918.

In the answer of the defendants to the motion made in this Court to dismiss the appeal, the defendants say that after the repairs had been made and they had been in the possession of the property for two years or more, they approached the plaintiff, E. T. Barnes, and requested him to negotiate with them before the property was leased to others, and the plaintiff Barnes said that he would do so.

On 1 January, 1917, the plaintiff, E. T. Barnes, in a written contract leased the property to the Barnes-Graves Grocery Company, his co-

plaintiff, for a term of three years commencing 1 January, 1919, and immediately notified the defendants of this fact. On 1 January, 1919, the defendants refused to vacate and surrender the possession of the property, and this action was instituted.

There was no error in dismissing the appeal from the justice of the peace. Judgment was rendered and notice of appeal to the Superior Court given in open court when the judgment was rendered on 2 January, 1919. The next term of Wilson Superior Court was 13 January, 1919.

Appeals from justices' judgments should be docketed at the "next term." *Barnes v. R. R.,* 133 N. C., 131; *Sondley v. Asheville,* 110 N. C., 89; *Ballard v. Gay,* 108 N. C., 544. "Next term" means any term, whether civil or criminal, that begins next after the expiration of the ten days allowed for service of notice of appeal. *Blair v. Coakley,* 136 N. C., 408; *Johnson v. Andrews,* 132 N. C., 376; *Pants Co. v. Smith,* 125 N. C., 588; *Davenport v. Grissom,* 113 N. C., 38; *Sondley v. Asheville, supra.*

The Superior Court has no power to permit the docketing of an appeal at a term subsequent to the one to which it should have been returned, though if the appeal is docketed it can allow for cause the notice of appeal to be entered, *nunc pro tunc. Davenport v. Grissom, supra; Abell v. Power Co.,* 159 N. C., 348. The fact that the judge did not attend the January term did not relieve the appellant of the duty of seeing that his appeal was properly docketed at the "next ensuing term." All matters pending at the January term were, by operation of Rev., 1510, carried over to the next term in the same plight and condition. *S. v. Horton,* 123 N. C., 695.

If the defendant had filed his motion for a *recordari* during the week commencing 13 January, as it was his duty to do, then the motion would have gone over to the February Term and the rights of the defendant would have been preserved. Besides, no merits were shown to justify the application for a *recordari.* It is true the appellee could have docketed the appeal at the January Term of the Superior Court and have moved to dismiss, Rev., 608, but this was optional and not a requirement, and failure to do this was not an estoppel upon the appellee. *Davenport v. Grissom, supra.*

In the third paragraph of the defendant's answer to the petition filed in this Court for a dismissal of the appeal, the defendant attempts to justify his holding over after the expiration of the term, and uses the following words:

"In 1916, long before the expiration of his lease, the respondent, desiring to retain possession of said premises, so expressed himself, with interest and earnestness, to the petitioner, who, in the conversa-

tion referred to above, and upon several occasions, both prior and subsequent to that time, assured respondent that he had improved the property, had paid his rents promptly, and had, in every way, made an entirely satisfactory tenant, and that he would not rent the property while it was occupied by respondent, without first giving the respondent the refusal thereof and an opportunity to *renew his lease."*

This was denied by the plaintiff, and being on its face a verbal contract to lease for an indefinite period is void; moreover, it is not enforceable because without consideration.

The allegation, if it were admitted, that the defendant having made some improvements on the land, the plaintiff verbally promised to renew the lease, would not avoid the statute of frauds when pleaded. *Product Co. v. Dunn,* 142 N. C., 474. Even partial payment of the purchase money, or of lease money, would not validate a verbal contract rendered void by the statute of frauds.

"As between a landlord and his tenant, the latter, in the absence of an agreement therefor, has neither a legal nor an equitable right to a renewal of his lease, and, in the case of a written lease, evidence of an oral contemporaneous agreement to renew or extend the lease is not admissible to add to the written release, in accordance with the general rule that evidence of oral contemporaneous agreements are inadmissible to add to or vary written contracts." 16 R. C. L., 883, and cases there cited. The promise here alleged to have been made during the term is void because not in writing and of uncertain duration.

Even where the agreement is in writing, and in the lease itself, giving the lessee the "privilege of occupying the premises till such further time as he may wish on the same terms, the right to renewal has been denied upon the ground that the duration of the proposed new lease was uncertain." 16 R. C. L., 886. *A fortiori* is this true where the alleged agreement is oral and is without any consideration to support it.

An option in the original lease to renew would not be without consideration, but "a promise during the lease to give the tenant such option is without consideration, besides being void if not in writing." 16 L. R. A., 886.

The plaintiff's motion to dismiss in this Court should be allowed. Wherever it appears upon the record, as in this case, that no serious assignment of error is made, the appeal will be dismissed. *Blount v. Jones,* 175 N. C., 708; *Ludwick v. Mining Co.,* 171 N. C., 61. It is true that the defendant has given bond for the rent during the delay, but this does not deprive the plaintiff of his right to the custody of his own property. He may have leased the property to his coplaintiffs at a higher rent, or it may be that he has objection to the continuance of the defendant as his renter. Otherwise he would doubtless have renewed

the lease. It is not incumbent upon the plaintiff to show why he did not renew the lease to the defendant.

.The defendant was offered opportunity in the court below at the February Term to try his case, and did not choose to avail himself of it. In the court below, and here, the ground asserted by the defendant for retaining the plaintiff's property after the expiration of the lease is on its face invalid and frivolous.

There was no error in the dismissal of the appeal below and the motion to docket and dismiss in this Court is allowed. The plaintiffs should not longer be kept out of possession without legal cause.

Appeal dismissed.