## STATE v. FORREST FLEMING.

### (Filed 25 January, 1933.)

**1. Appeal and Error F a—In this case held: appellee preserved his right to review on theory of trial in lower court.**

While a case will be heard on appeal on the theory of trial in the lower court, yet where on appeal from a judgment of a justice of the peace the appellee correctly selects the ground upon which the judgment should be affirmed, and the Superior Court affirms the judgment on a different and insufficient ground, the judgment of the Superior Court, being correct in result, will be affirmed on further appeal.

**2. Bastards D a—**

Bastardy proceeding is civil proceeding, and appeals from justice's court are controlled by rules applicable to civil cases.

**3. Justices of the Peace E a—Appeal from justice of the peace must be taken to next succeeding term of Superior Court.**

It is required by statute that appeals from a judgment of the justice of the peace be taken to the next succeeding term of the Superior Court, with the right of appellant to ask for a *recordari* in proper cases, and where an appeal is not taken as prescribed, the appellee may ask that the appeal be docketed and dismissed and the judgment affirmed. C. S., 660.

THIS is a proceeding in bastardy, in which the complainant, Leila Avery, appealed from a judgment of *McElroy, J.,* at March Term, 1932, of BURKE. Affirmed.

On 28 September, 1931, upon oath of the complainant accusing the defendant of being the father of her illegitimate children (twins) a warrant was issued and the defendant was brought before a justice of the peace to answer the charge. He thereupon entered a formal denial.

After hearing the evidence the justice "renderd judgment finding and adjudging that the defendant is the father of said children and fixed an allowance for the complainant, Leila Avery, in the sum of sixty dollars to be paid by the defendant in twelve monthly installments of five dollars, commencing on 15 February, 1932, and continuing to be paid on the 15th day of each month until said allowance of sixty dollars was fully paid."

From this judgment the complainant appealed to the Superior Court upon the ground that the allowance to the plaintiff was inadequate and no bond was required to save the county harmless.

The Superior Court rendered the following judgment: "It appearing to the court that said appeal was docketed in the Superior Court of Burke County on 17 March, 1932, upon motion of the plaintiff, and at said time the defendant also moved to docket said appeal and to affirm the judgment of the magistrate therein, and the court being of the opinion that no appeal lies from the order of the justice fixing the quantum of said allowance and no appeal lies from the failure of the justice to require bond to be filed as provided by statute: It is therefore ordered by the court that said judgment of the justice of the peace be affirmed."

The complainant excepted and appealed.

*Avery & Riddle for appellant.*
*S. J. Ervin and S. J. Ervin, Jr., for appellee.*

ADAMS, J. The magistrate rendered his judgment in the cause on 15 January, 1932, and the complainant gave notice of appeal in open court. The return to the notice of appeal was made on 15 March, two months after the judgment had been given, and the case was docketed in the Superior Court on 17 March. Meantime a one-week term of the Superior Court, beginning on 22 February, had been held for the trial of civil and criminal cases, and another term had convened on 14 March. C. S., 1443, Sixteenth District.

During the latter term the case was called and the appellant moved that she be permitted to docket her appeal, the defendant having moved that the appeal be docketed and the judgment of the magistrate be affirmed, as provided by section 660 of the Consolidated Statutes. The court affirmed the justice's judgment on the ground that no appeal lies from an order determining the amount of the allowance or from the failure of the justice to require a bond of the defendant.

The appellant contends that this ruling is the only point to be considered because the appeal presents no other theory. It is true that after a party has elected to try his case on one theory he may not be permitted to change his attitude with respect to it when his appeal is heard. *Starr v. O'Quinn,* 180 N. C., 94; *Walker v. Burt,* 182 N. C., 325. This argument overlooks the defendant's motion to have the case docketed and the judgment affirmed on the principle that the complainant had lost her right of appeal. If the court reached a correct conclusion, but for an insufficient reason, the judgment should nevertheless be affirmed.

For a period of about ten years this Court held, reversing its former ruling, that a proceeding in bastardy was in the nature of a criminal prosecution, but afterwards returned to its original construction holding that the prosecution is a civil proceeding to enforce a police regulation. *S. v. Edwards,* 110 N. C., 511; *S. v. Liles,* 134 N. C., 735; *S. v. Addington,* 143 N. C., 683; *S. v. McDonald,* 152 N. C., 802.

Either the woman or the defendant may appeal to the Superior Court, but the appeal must be taken to the next term. The Superior Court has no right to dispense with this requirement. *Helsabeck v. Grubbs,* 171 N. C., 337. The "next term" means any term, civil or criminal, which begins after the expiration of the ten days allowed for serving the notice of appeal. *Barnes v. Saleeby,* 177 N. C., 256; *MacKenzie v. Development Co.,* 151 N. C., 276; *Johnson v. Andrews,* 132 N. C., 376; *Pants Co. v. Smith,* 125 N. C., 588. An attempted docketing at a subsequent term is a nullity. *MacKenzie v. Development Co., supra.* If the magistrate fails to perform his duty in sending up the appeal, or if the judge is unable to attend the court, the appellant, if in no default, may apply for a *recordari* at the term first convening after the appeal is taken and thereby preserve his rights. *Peltz v. Bailey,* 157 N. C., 166; *Barnes v. Saleeby, supra.*

In the present case more than thirty days passed between the rendition of the judgment and the convening of the Superior Court, and according to all the decisions of this Court on the subject the defendant was entitled to have the judgment affirmed. This is the effect of the judgment. We need not decide whether the reason given is invalid, as the appellant contends. Judgment

Affirmed.