JOHN J. SUMMERELL, EMPLOYEE, v. CHILEAN NITRATE SALES CORPORATION, EMPLOYER, AND THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, CARRIER.

(Filed 7 November, 1940.)

1. **Master and Servant § 55c—**

Since the Workmen's Compensation Act does not provide any specific machinery governing appeals to the Superior Court, resort may be had to statutes regulating appeals in analogous cases, ordinarily those regulating appeals from a justice of the peace, so far as same are reasonably applicable and consonant with the language of the statute and the legislative intent.

2. **Same—Appellant from Industrial Commission may docket appeal at next term of Superior Court, civil or criminal, beginning after the expiration of the 30 days allowed by the act for appeal.**

An appellant from an award of the Industrial Commission is required to docket his appeal at the next term of the Superior Court, civil or criminal, beginning after the expiration of the 30 days from the award, or receipt of notice of the award by registered mail, allowed by the statute for appeal, Public Laws of 1929, ch. 120, sec. 60, this being consonant

with the legislative intent and the language of the statute, and with the analogous statute requiring appeals from a justice of the peace to be taken to the next term of the Superior Court beginning after the expiration of the 10 days allowed for service of notice of appeal, C. S., 1530, and the fact that notice of appeal from the award of the Industrial Commission is given prior to a term of the Superior Court beginning prior to the expiration of 30 days after appellant's receipt of notice of the award by registered mail, does not vary this result, and the appeal is improperly dismissed for failure to docket same before or during such intervening term of court.

APPEAL by defendants from *Williams, J.,* at May Term, 1940, of WAKE.

Proceeding under the North Carolina Workmen's Compensation Act for an award of compensation for injury by accident to John J. Summerell, while employed by Chilean Nitrate Sales Corporation.

When the proceeding came on for hearing in the Superior Court of Wake County at May Term, 1940, upon appeal thereto by defendants from an award of the Industrial Commission, claimant entered special appearance and moved to dismiss the appeal for the reason that same was not docketed in the Superior Court within the time allowed by law. The record discloses and the court finds these facts: (1) The Industrial Commission made award on 21 February, 1940, and gave notice thereof to defendants by registered mail, which was received by them on 27 February, 1940. (2) Defendants gave notice, dated 9 March, 1940, of appeal from said award to Superior Court of Wake County, service of which notice was duly accepted by counsel for claimant on 11 March, 1940, and same was received by the North Carolina Industrial Commission on 13 March, 1940. (3) On 3 April, 1940, the North Carolina Industrial Commission certified and returned transcript of the proceedings had by and before it, and same was docketed in the office of the clerk of the Superior Court of Wake County on 10 April, 1940. (4) In the meantime, a two weeks term of Superior Court of said county convened on 18 March, 1940. Upon these facts the court, being of opinion that the appeal was not docketed in said Superior Court within the time prescribed by law, allowed the motion of claimant, and dismissed the appeal.

Defendants appeal to Supreme Court and assign error.

*A. J. Fletcher and Franklin T. Dupree, Jr., for plaintiff, appellee.*
*King & King and Harry Rockwell for defendant, appellant.*

WINBORNE, J. This appeal presents one question: May an appeal from the award of the North Carolina Industrial Commission to the

Superior Court be dismissed for failure to docket same prior to or during a term of court which begins within thirty days next after appellant has received notice of award by registered mail?

The answer is "No."

The North Carolina Workmen's Compensation Act, Public Laws 1929, ch. 120, section 60, regarding appeals from an award of the North Carolina Industrial Commission to the Superior Court, provides that "either party to the dispute may, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter, appeal from the decision of said Commission to the Superior Court of the county in which the alleged accident happened, or in which the employer resides or has his principal office, for errors of law, under the same terms and conditions as govern appeals in ordinary civil actions."

No specific machinery is provided by the act except the clause, "under the same terms and conditions as govern appeals in ordinary civil actions."

The trend of decisions of this Court is that where a statute regulating appeals to the Superior Court does not prescribe any rules, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statute may warrant—keeping in mind always the intention of the Legislature, and that ordinarily when practicable the practice in appeals from a judgment of a justice of the peace will control. McIntosh, N. C. P. & P., 818. *Blair v. Coakley,* 136 N. C., 405, 48 S. E., 804; *Cook v. Vickers,* 141 N. C., 101, 53 S. E., 740; *Sutphin v. Sparger,* 150 N. C., 517, 64 S. E., 367.

Generally "an appeal," as stated by *Ruffin, J.,* in *Hahn v. Guilford,* 87 N. C., 172, "means an appeal to the next term of the appellate court." The case of *Boing v. R. R.,* 88 N. C., 62, holds likewise.

In accordance with the practice in appeals from a judgment of a justice of the peace to the Superior Court, the decisions of this Court are uniform in holding that "the next term" or "the next succeeding term" means the first term of the Superior Court, whether civil or criminal, which shall begin after the expiration of the ten days allowed by statute, C. S., 1530, for service of notice of appeal. *Sondley v. Asheville,* 110 N. C., 84, 14 S. E., 514; *Davenport v. Grissom,* 113 N. C., 38, 18 S. E., 78; *Pants Co. v. Smith,* 125 N. C., 588, 34 S. E., 552; *Johnson v. Andrews,* 132 N. C., 376, 43 S. E., 926; *Blair v. Coakley, supra; MacKenzie v. Development Co.,* 151 N. C., 276, 65 S. E., 1003; *Peltz v. Bailey,* 157 N. C., 166, 72 S. E., 978; *Jones v. Fowler,* 161 N. C., 354, 77 S. E., 415; *Helsabeck v. Grubbs,* 171 N. C., 337, 88 S. E., 473;

*Sneeden v. Darby,* 173 N. C., 274, 91 S. E., 956; *Barnes v. Saleeby,* 177 N. C., 256, 98 S. E., 708; *S. v. Fleming,* 204 N. C., 40, 167 S. E., 483.

In *Sondley v. Asheville, supra,* where the appeal was from an assessment of damages for laying out of street, *Clark, J.,* said: "The provision for an appeal to the next term means no more than to the next term to which an appeal in orderly and regular course would go."

By analogy, giving the practice in appeals from a judgment of a justice of the peace such application as the language of the North Carolina Workmen's Compensation Act, Public Laws 1929, ch. 120, may warrant, keeping in mind the intention of the Legislature, an appeal from the decision of the North Carolina Industrial Commission to the Superior Court is taken to the next term of the Superior Court, whether civil or criminal, which begins after the expiration of the thirty days allowed by section 60 of the Act for appeal.

In the present case the defendants, having on 27 February, 1940, received notice of the award, given by registered mail, had thirty days next thereafter in which to appeal, and were not required to docket the appeal until the first term of the Superior Court, whether civil or criminal, which began after the expiration of such time allowed for appeal. Hence, the appeal should not have been dismissed for failure to docket it prior to or during the term of court which began on 18 March, 1940. The fact that defendants gave notice of appeal prior to that term is not material.

The decisions in the cases of *Higdon v. Light Co.,* 207 N. C., 39, 175 S. E., 710, and *Winslow v. Carolina Conference Assn.,* 211 N. C., 571, 191 S. E., 403, when applied to the facts of each, are not in conflict with this opinion.

The judgment below is

Reversed.