STARR ELECTRIC COMPANY, INC., v. LIPE MOTOR LINES, INC., and M. J. JURNEY.

(Filed 19 May, 1948.)

**Courts § 4b—**

> The statute prescribed that appeals from a municipal-county court should be governed by the rules governing appeals from justices of the peace. Through no fault of appellant, its appeal was not filed within ten days after notice of appeal in open court, but was filed during the next succeeding term of the Superior Court. If it had been filed within the ten-day period, it would not have been on the Superior Court docket for ten days prior to the beginning of the term. *Held:* Appellee is not entitled to dismissal of the appeal at such term of the Superior Court notwith-

standing appellant's failure to apply for *recordari.* G. S., 1-300; G. S., 1-299; G. S., 7-181; Rule of Practice in the Superior Courts, No. 24.

APPEAL by defendant, Lipe Motor Lines, Inc., from *Warlick, J.,* at 17 November, 1947, Civil Term of GUILFORD.

Civil action instituted in the civil division of the Greensboro Municipal-County Court for recovery of $500 as damage to personal property allegedly resulting from actionable negligence of defendants.

The record on this appeal shows these facts:

Upon trial in said court judgment was rendered on Monday, 13 October, 1947, in favor of plaintiff against defendant Lipe Motor Lines, Inc., but as against defendant M. J. Jurney the action was dismissed. Defendant Lipe Motor Lines, Inc., appealed from said judgment,—notice of appeal being given in open court and further notice being waived.

Thereafter, on 30 October, 1947, the clerk of the civil division of the Greensboro Municipal-County Court made return to the notice of appeal,—defendant Lipe Motor Lines, Inc., having paid the fee and filed the bond required, and, on said date, 30 October, 1947, the appeal was entered upon the trial docket in the office of the clerk of the Superior Court of Guilford County and numbered on the appearance and trial dockets.

At the time said appeal was so docketed a one-week criminal term of the Greensboro division of the Superior Court of Guilford County was in session, it having commenced on 27 October, 1947, and also a two-weeks civil term of the High Point division of the Superior Court of Guilford County was in session,—it too having commenced on 27 October, 1947. These were the first terms of the Guilford County Superior Court to commence more than ten days from the date of the judgment entered in this action, as aforesaid, in the Greensboro Municipal-County Court.

Thereafter, on 10 November, 1947, plaintiff, through its attorney, filed in the office of the clerk of Superior Court of Guilford County a motion to dismiss the appeal for that defendant Lipe Motor Lines, Inc., the appellant, "did not perfect said appeal and comply with the statutory requirements governing the same, in that a regular term of Superior Court for Guilford County commenced on the 27th day of October, 1947, and said appellant did not docket said appeal in this court until the 31st day of October, 1947."

At the next term of Superior Court of Guilford County, commencing on 17 November, 1947, this action appeared on both the motion calendar and the trial calendar for said term. And when it came on for hearing on the said motion of plaintiff to dismiss the appeal, the presiding judge, finding facts substantially as above set forth, and that "no *recordari* was applied for or other process other than the docketing used by the appel-

lant," held as a matter of law that the appeal docketed on 30 October came too late, and, hence, that the motion of plaintiff to docket and dismiss the appeal should be granted, and, in accordance therewith, entered judgment.

Defendant Lipe Motor Lines, Inc., appeals therefrom to Supreme Court, and assigns error.

*E. M. Stanley for plaintiff, appellee.*

*Sapp & Moore for defendant, appellee.*

*Smith, Wharton & Jordan and McNeill Smith for defendant, appellant.*

WINBORNE, J. It is appropriate, at the outset, as preliminary to, and basis for proper consideration of the principal question on this appeal, as hereinafter stated, to advert to the following certain provisions of the statutes pertaining to the court in which this action was commenced, and the procedure prescribed for appeals from its judgments in civil actions:

The Municipal Court of the city of Greensboro was established pusuant to an act of the General Assembly of North Carolina, Public Laws 1909, Chapter 651. (See *Miles Co. v. Powell*, 205 N. C., 30, 169 S. E., 828.) By amendment to the act, as amended in the meantime, the name of the court was changed in the year 1939 to "The Greensboro Municipal-County Court," Public Laws 1939, Chapter 300. Originally the court had limited criminal jurisdiction. Later limited civil jurisdiction was conferred by Section 1 of Chapter 126, Private Laws 1931, amending the original act, as amended, by adding thereto new sections 32 to 56, both inclusive.

In these sections provision for appeal is made, and procedure in respect to appeal is prescribed. Section 49 provides that "from any judgment rendered in said court any party may appeal to the Superior Court of Guilford County, where the trial shall be *de novo.*" Section 50 provides that "The giving of notice of the appeal, the return to the notice of appeal, the cash deposit, and the perfecting of the appeal shall be as is now or may hereafter be prescribed by law for appeals from courts of justices of the peace to the Superior Court"; and that "when the return is made the clerk of the Superior Court of Guilford County shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of said court as is provided by Section Six hundred and sixty-one of the Consolidated Statutes of North Carolina,"—now G. S., 1-300. And Section 54 provides that "Except as otherwise provided in this act, all laws relative to civil actions, matters and proceedings in courts of justices of the peace, including all laws relative to

process, rules of practice, procedure, orders, writs, decrees, judgments and appeals, but excluding none of such laws not specifically mentioned, shall be applicable to the civil division of the municipal court in the exercise of its jurisdiction as the same is set forth in this act . . ."

In summary, it may be stated that appeals and procedure in respect to appeals from civil division of The Greensboro Municipal-County Court to the Superior Court of Guilford County, shall be in accordance with law and procedure prescribed for appeals from judgments of justices of the peace to the Superior Court. This is conceded by counsel for all parties to the present action. Thus the statutes of this State and decisions of this Court pertaining to practice and procedure on appeals from judgments of justices of the peace are pertinent and applicable here.

In the light of these provisions, applied to the facts of case in hand, this is the question for decision here: Notice of appeal to Superior Court of Guilford County from judgment of The Greensboro Municipal-County Court having been given in open court on 13 October, 1947, and the clerk of The Greensboro Municipal-County Court, through no fault of appellant, having failed to make return to the Superior Court of Guilford County and to file with the clerk thereof the papers, etc., within ten days after the service of the notice of appeal on him, in accordance with the provisions of G. S., 1-181, but having on 30 October, 1947, made a return to Superior Court and filed with the clerk thereof the papers, etc., specified in said statute, and the clerk of Superior Court having thereupon on 30 October, 1947, docketed the case on the trial docket during the term of said Superior Court to which the appeal would go in orderly procedure, that is, a term commencing more than ten days next after service of notice of appeal, and at a time when appellant could have moved, but had not moved, for writ of *recordari* to require the clerk of The Greensboro Municipal-County Court to make the return and to file the papers, etc., should the appeal so docketed be dismissed, on motion of appellee?

In other words, when the return had been made and the case docketed at a time when appellant could have applied for a writ of *recordari*, was it required to apply for such writ to compel the clerk of The Greensboro Municipal-County Court to make a return? To so hold, would be to require the clerk to do that which he had already done. And to hold that the docketing so made is valid puts appellee to no greater disadvantage than he would have been if the return had been made and the papers sent up under compulsion of a writ of *recordari*. Hence we hold that the appeal was not subject to dismissal.

In accordance with practice and procedure in courts of justices of peace, applicable here, an appeal to the Superior Court means to the next term of the Superior Court to which an appeal in orderly and regular course would go. *Hahn v. Guilford,* 87 N. C., 172; *Boing v. R. R.,* 88

N. C., 62; *Sondley v. Asheville,* 110 N. C., 84, 14 S. E., 514; *Summerell v. Sales Corp.,* 218 N. C., 451, 11 S. E. (2d), 304, in the last of which numerous other cases are cited.

And under the facts of the present case, it is conceded on all hands that the term of the Superior Court of Guilford County, Greensboro division, commencing on 27 October, 1947, would be the term to which the appeal would go in orderly and regular course of practice.

Thus in accordance with the practice and procedure in courts of justices of the peace, a party desiring to appeal from a judgment of a justice of the peace, has ten days after judgment in which to serve notice of appeal. G. S., 7-179. But, if notice of appeal be given in open court, the adverse party being present in person or by attorney at the time appeal is prayed, no written notice is required. G. S., 7-180. The justice of the peace from whose judgment the appeal is taken, has ten days after service of the notice of appeal on him, within which to make a return to the Superior Court and to file with the clerk thereof the papers, proceedings and judgment in the case, with notice of appeal served on him, and he may be compelled to make such return by attachment. G. S., 7-181. And it is provided by statute, G. S., 1-300, formerly Code, 880, and C. S., 661, that when the return is made from a justice's court the clerk of the appellate court shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of said court. And it is also provided by statute, G. S., 1-299, formerly Code, 565, 881, and C. S., 660, that when an appeal is taken from the judgment of a justice of the peace to a Superior Court, it shall be therein reheard on the original papers, and that "an issue shall be made up and tried by a jury at the first term to which the case is returned, unless continued." However, Rule 24 of the Rules of Practice in the Superior Courts of North Carolina provides that "Appeals from justices of the peace in civil actions will not be called for trial unless the returns of such appeals have been docketed ten days previous to the term, but appeals docketed less than ten days before the term may be tried by consent of the parties."

Considering these statutes, G. S., 1-300, formerly Code, Section 800, and G. S., 1-299, formerly Code, Sections 565 and 881, and this rule of practice, in the case of *S. v. Edwards,* 110 N. C., 511, 14 S. E., 741, a bastardy proceeding treated as a civil action, this Court in opinion by *Clark, C. J.,* said: "The power of this Court to prescribe its own rules is conferred by the Constitution, and is not subject to legislative control. . . . But the power lodged here to prescribe rules for the lower courts being conferred by statute . . . is subject to legislative modification. We find, however, no statute in conflict with this rule, and, being authorized by law it has the force and effect of a statute. The rule is reasonable, that though, under the Code, Secs. 565 and 880, the appeal stands

ordinarily for trial at the first term, it must be docketed ten days before such term. *Sondley v. Asheville"* (110 N. C., 84).

Applying this rule to the case in hand, and allowing ten days for the clerk of The Greensboro Municipal-County Court to make return, etc., the case could not have been docketed ten days before the day on which the term to which the appeal was returnable began, to wit, 27 October, 1947. Hence, under Rule 24 the case would not have been tried at that term, except by consent.

The decisions of this Court also hold that upon failure of a justice of the peace to make a return to notice of appeal, appellant, if in no default, should move at the next ensuing term of the Superior Court for a writ of *recordari* to compel the justice of the peace to make the return and to file the papers, etc., as required by the statute, G. S., 7-181, formerly Code, 878, Revisal 1493, C. S., 1532. See among others *Hahn v. Guilford, supra; Boing v. R. R., supra; Blair v. Coakley,* 136 N. C., 405, 48 S. E., 804; *Lentz v. Hinson,* 146 N. C., 31, 59 S. E., 144; *MacKenzie v. Development Co.,* 151 N. C., 276, 65 S. E., 1003; *Abell v. Power Co.,* 159 N. C., 348, 74 S. E., 881; *Barnes v. Saleeby,* 177 N. C., 256, 98 S. E., 708; *Pickens v. Whitton,* 182 N. C., 779, 109 S. E., 836; *S. v. Fleming,* 204 N. C., 40, 167 S. E., 483.

Moreover, it is provided by statute, G. S., 1-299, that "if the appellant fails to have his appeal docketed as required by law, the appellee may, at the term of court next succeeding the term to which the appeal is taken, have the case placed upon the docket, and upon motion the judgment of the justice shall be affirmed . . ." but that "nothing herein prevents the granting the writ of *recordari* in cases now allowed by law."

Under this statute, this Court has considered numerous cases. And in all in which a dismissal was allowed, the appeal was not docketed until one or more terms of the Superior Court had passed.

The appellee cites the case of *Love v. Huffines,* 151 N. C., 378, 66 S. E., 304, as authority in support of the judgment in the present case. However, the portion of the opinion there which appellee relies upon is patently *dicta,* and not necessary to the decision made. Moreover, reference to the record on appeal in that case indicates some confusion in facts stated. And it is sufficient to say that the *dicta* there expressed is not in harmony with prior and subsequent decisions of this Court.

In the light of the statutes and decisions to which reference is made, as above treated, we hold that the case as docketed in Superior Court of Guilford County should not have been dismissed.

Hence the judgment below is

Reversed.